1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Corporation
2  Marlon C Wadlington     State Bar No. 192138
      MWadlington@aalrr.com
3  Aaron S. Craig, State Bar No. 204741
      ACraig@aalrr.com
4  Scott D. Danforth, State Bar No. 258382
      SDanforth@aalrr.com
5  12800 Center Court Drive South, Suite 300
   Cerritos, California 90703-9364
6  Telephone:  (562) 653-3200
   Fax:  (562) 653-3333
7
   Attorneys for Defendant BRETT CARROLL
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 TRESONA MULTIMEDIA, LLC, an            Case No. 2:16-CV-04781-SVW (FFMx)
   Arizona limited liability company,,
12                                        **DEFENDANT BRETT CARROLL'S**
                                          **NOTICE OF MOTION AND**
13              Plaintiff,                **MOTION TO COMPEL**
                                          **COMPLIANCE WITH SUBPOENA**
14 v.                                     **FOR DOCUMENTS AND**
                                          **TESTIMONY AND FOR**
15 BURBANK HIGH SCHOOL VOCAL             **MONETARY SANCTIONS;**
   MUSIC ASSOCIATION; BRETT              **DECLARATION OF SCOTT D.**
16 CARROLL and JOHN DOE                  **DANFORTH AND ATTACHED**
   CARROLL, a married couple; ELLIE      **EXHIBITS**
17 STOCKWELL and JOHN DOE
   STOCKWELL, a married couple;
18 MARIANNE WINTERS and JOHN             **DISCOVERY MATTER**
   DOE WINTERS, a married couple;
19 GENEVA TARANDEK and JOHN              Complaint Filed:   June 29, 2016
   DOE TARANDEK, a married couple;       Trial Date:        February 7, 2017
20 LORNA CONSOLI and JOHN DOE
   CONSOLI, a married couple;
21 CHARLES RODRIGUEZ and JANE            Date:     December 20, 2016
   DOE RODRIGUEZ, a married couple,      Time:     10:00 a.m.
22                                        Judge:    Hon. Frederick F. Mumm
                Defendants.               Ct. Room: 580
23
                                          Not Subject to Local Rule 37 Pursuant
24                                        to Local Rule 45-1; Subpoena was
                                          served on non-party not represented by
25                                        counsel

26 BRETT CARROLL, an individual and
   employee of the BURBANK UNIFIED
27 SCHOOL DISTRICT,

28              Third-Party Plaintiff,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

v.

JOSH GREENE, an individual;
SQUAREPLAY, INC. d/b/a
SQUAREPLAY ENTERTAINMENT,
a California corporation; and DOES 1-
10,

                    Third-Party
                    Defendants

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **December 20, 2016, at 10:00 a.m.**, or as soon thereafter as the matter may be heard, at 255 E. Temple Street, Los Angeles, California, Courtroom 580, 5th Floor, Defendant Brett Carroll ("Carroll" or "Defendant") will, and hereby does, move the Court for an order requiring PEN Music Group Inc. ("PEN") to provide documents and testimony pursuant to a lawfully issued subpoena.  (See, PEN Subpoena, Exhibit "3"; Danforth Decl., ¶ 5) Finally, Defendant requests that monetary sanctions be imposed pursuant to <u>Federal Rules of Civil Procedure</u> Rule 45 and the Court's inherent power to reimburse Defendant for its costs in bringing this Motion and the costs for the court reporter to take the non-appearance of PEN, in a final amount to be determined after the grant of this Motion which amount will be not less than $4,788.15, which is Defendant's costs incurred to date and anticipated costs in the future, in connection with the non-appearance and this Motion.  (Danforth Decl., ¶¶ 13-15)

**The PEN Subpoena seeks testimony regarding the following**:

1.    PEN Music Group Inc.'s ("PEN") relationship and business dealings with Tresona Multimedia, LLC ("Tresona" or "TM").

2.    PEN's ownership and/or copyright interest in the song titled "(I've Had) The Time of My Life," U.S. Copyright registration number SR0000102306.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

3.   PEN's agreement with Tresona regarding Tresona's right to issue copyright licenses for the song titled "(I've Had) The Time of My Life," U.S. Copyright registration number SR0000102306

4.   PEN's ownership and/or copyright interest in the song titled "Magic," U.S. Copyright registration number PAu000206407.

5.   PEN's agreement with Tresona regarding Tresona's right to issue copyright licenses for the song titled "Magic," U.S. Copyright registration number PAu000206407.

6.   PEN's ownership and/or copyright interest in the song titled "Hotel California," U.S. Copyright registration number PA0000045103.

7.   PEN's agreement with Tresona regarding Tresona's right to issue copyright licenses for the song titled "Hotel California," U.S. Copyright registration number PA0000045103.

8.   PEN's communications with any employee or board member of Burbank Unified School District regarding the use of music and/or licenses for the use of music.

9.   PEN's communications with any employee of Tresona related to the songs "(I've Had) The Time of My Life," "Magic" and/or "Hotel California."

10.   License/s granted or sold to John Burroughs High School for use of the song titled "Hotel California," U.S. Copyright registration number PA0000045103.

11.   PEN's communications with Josh Greene in the last five (5) years related to licensing music for use in high school choir performances.

12.   The amount of money paid by Tresona to PEN related to licensing of music for the last five (5) years.

13.   The amount of money paid by PEN to Tresona related to licensing of music for the last five (5) years.

14. The amount of money paid by Josh Greene to PEN related to the licensing of music for the last five (5) years.

15. Requests made by middle schools, high schools, and colleges for licenses to create derivative works, custom arrangements, synchronization rights, or grand dramatic rights related to the songs "(I've Had) The Time of My Life," "Magic," and/or "Hotel California."

16. PEN policies and/or practices for monitoring YouTube and other internet videos for copyright infringement of its songs.

17. PEN's monitoring of YouTube and other internet videos for copyright infringement related to the song titled "Magic," U.S. Copyright registration number Pau000206407, and the date and manner PEN discovered that "Magic" had been performed by a Burbank High School show choir in the 2010-2011 school year.

18. PEN policies and practices regarding whether and when custom arrangement licenses are required for musicians to record or perform PEN songs and arrange such songs for recording or performance.

19. PEN policies and practices regarding whether and when synchronization licenses are required for the audio-visual recording of performances of PEN songs by high school musical ensembles.

20. PEN policies and practices regarding whether and when grand dramatic rights licenses are required for performances of PEN songs by high school musical ensembles.

**The PEN subpoena seeks the following documents**:

1. All DOCUMENTS reflecting, referring, or relating to PEN's ownership and/or copyright interest and chain of title for the song titled "(I've Had) The Time of My Life," U.S. Copyright registration number SR0000102306.

006237.00009
14566569.2

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

2.   All DOCUMENTS reflecting, referring, or relating to PEN's agreement with TM regarding TM's right to issue copyright licenses for the song titled "(I've Had) The Time of My Life," U.S. Copyright registration number SR0000102306

3.   All DOCUMENTS reflecting, referring, or relating to PEN's ownership and/or copyright interest and chain of title for the song titled "Magic," U.S. Copyright registration number PAu000206407.

4.   All DOCUMENTS reflecting, referring, or relating to PEN's agreement with TM regarding TM's right to issue copyright licenses for the song titled "Magic," U.S. Copyright registration number PAu000206407.

5.   All DOCUMENTS reflecting, referring, or relating to PEN's ownership and/or copyright interest and chain of title for the song titled "Hotel California," U.S. Copyright registration number PA0000045103.

6.   All DOCUMENTS reflecting, referring, or relating to PEN's agreement with TM regarding TM's right to issue copyright licenses for the song titled "Hotel California," U.S. Copyright registration number PA0000045103.

7.   All DOCUMENTS reflecting, referring, or relating to PEN's COMMUNICATIONS with the DISTRICT regarding the use of music and/or licenses for the use of music.

8.   All DOCUMENTS reflecting, referring, or relating to PEN's COMMUNICATIONS with any employee of TM related to the songs "(I've Had) The Time of My Life, "Magic," and/or "Hotel California"

9.   All DOCUMENTS reflecting, referring, or relating to the license(s) granted or sold to John Burroughs High School for use of the song titled "Hotel California," U.S. Copyright registration number PA0000045103.

006237.00009
14566569.2

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

10.   All DOCUMENTS reflecting, referring, or relating to PEN's COMMUNICATIONS with Josh Greene in the last five (5) years related to licensing music for use in high school choir performances.

11.   All DOCUMENTS reflecting, referring, or relating to the amount of money paid by Tresona to PEN related to licensing of music for the last five (5) years.

12.   All DOCUMENTS reflecting, referring, or relating to the amount of money paid by PEN to Tresona related to licensing of music for the last five (5) years.

13.   All DOCUMENTS reflecting, referring, or relating to the amount of money paid by Josh Greene to PEN related to the licensing of music for the last five (5) years.

14.   All DOCUMENTS reflecting, referring, or relating to requests made by other middle schools, high schools, and colleges for licenses to create derivative works, custom arrangements, synchronization rights, or grand dramatic rights related to the songs "(I've Had) The Time of My Life," "Magic" and/or "Hotel California."

15.   All DOCUMENTS reflecting, referring, or relating to PEN monitoring YouTube and other internet videos for copyright infringement of songs for which PEN owns part or all of the copyright.

16.   All DOCUMENTS reflecting, referring, or relating to PEN's monitoring of YouTube or other internet videos for copyright infringement related to the song titled "Magic," U.S. Copyright registration number Pau000206407,

17.   All DOCUMENTS reflecting, referring, or relating to when and how PEN first discovered that "Magic" was performed by a Burbank High School show choir during the 2010-2011 school year.

18. All DOCUMENTS reflecting, referring, or relating to PEN policies and practices regarding whether and when custom arrangement licenses are required for musicians to record or perform PEN songs and arrange such songs for recording or performance.

19. All DOCUMENTS reflecting, referring, or relating to PEN policies and practices regarding whether and when synchronization licenses are required for the audio-visual recording of performances of PEN songs by high school musical ensembles.

20. All DOCUMENTS reflecting, referring, or relating to PEN policies and practices regarding whether and when grand dramatic rights licenses are required for performances of PEN songs by high school musical ensembles.

Carroll requests that the Court order the production of these documents and testimony within five (5) calendar days from the date of the hearing in this matter.

Defendant brings this Motion on the grounds that PEN failed to produce documents and failed to appear to provide testimony responsive to the subpoena. (Danforth Decl., ¶¶ 5–10). Furthermore, though PEN sent a letter containing objections to the subpoena, its letter included no legitimate basis for failing to appear for the deposition or produce the documents requested. (Exhibit "4"; Danforth Decl., ¶ 6) Finally, the letter did not contain any indication that PEN was being represented by counsel. (<u>Ibid.</u>). In fact, Tresona's counsel has confirmed that PEN is an unrepresented party. (Exhibit "7"; Danforth Decl., ¶ 9).

According to <u>Local Rule</u> 45-1, "L.R. 37 applies to all motions relating to discovery subpoenas served on (a) parties and (b) non-parties **represented by counsel**." (<u>Ibid.</u>)(Emphasis added)  Moreover, <u>Federal Rules of Civil Procedure</u> Rule 45 states that when a non-party serves an objection pursuant to a subpoena, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling

MOTION AND MOTION TO COMPEL

006237.00009
14566569.2

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  production or inspection.  <u>Id</u>. at 45(d)(2)(i).  Notwithstanding the fact that Defendant

2  is not required to meet and confer pursuant to <u>Local Rule</u> 45-1 and <u>Federal Rule</u> 45,

3  Defendant has engaged in a good faith attempt to resolve PEN's refusal to comply

4  with a lawful subpoena without Court intervention.  (Exhibits "5" and "9"; Danforth

5  Decl., ¶¶ 5, 9)  Unfortunately, PEN is unwilling to meet and confer with Defendant

6  or cooperate with Defendant's discovery efforts.  (Danforth Decl., ¶ 10)

7        Defendant's Motion is based upon this Notice, the Memorandum of Points

8  and Authorities in support thereof, the Declaration of Scott D. Danforth and

9  Attached Exhibits, and upon such other and further matters as may properly come

10 before this Court.

11

12 Dated: November 8, 2016          ATKINSON, ANDELSON, LOYA, RUUD &
                                   ROMO
13

14                                 By:   /s/ Scott D. Danforth
15                                       Marlon C Wadlington
                                         Aaron S. Craig
16                                       Scott D. Danforth
                                         Attorneys for Defendant BRETT
17                                       CARROLL

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................... 1

II.  STATEMENT OF FACTS .......................................................... 3

III. ARGUMENT ............................................................................ 5

    A.   DEFENDANT CARROLL IS ENTITLED TO THE INFORMATION AND DOCUMENTS REQUESTED BY HIS SUBPOENA ...................................................................... 5

        1.   PEN Failed To Comply With The Subpoena And Defendant's Motion Is Proper ...................................... 6

        2.   The Documents And Testimony Are Relevant ........................ 7

        3.   PEN's Vague Claim That The Subpoena Seeks "Confidential" Material Is Without Merit ................................. 9

    B.   DEFENDANT IS ENTITLED TO MONETARY SANCTIONS ...... 10

IV. CONCLUSION .......................................................................... 11

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# TABLE OF AUTHORITIES

**Pages**

**FEDERAL CASES**

Centurion Industries, Inc. v. Warren Steurer and Associates
  665 F.2d 323 (10th Cir. 1981)....................................................................9

Daubert v. Merrell Dow Pharm., Inc.
  509 U.S. 579 (1993)...............................................................................7, 8

Federal Open Market Committee v. Merrill
  443 U.S. 340 (1979)...................................................................................9

Fisher v. Marubeni Cotton Corp.
  526 F.2d 1338 (8th Cir. 1975)..................................................................10

Oppenheimer Fund, Inc. v. Sanders
  437 U.S. 340 (1978)...................................................................................7

Pearson v. Callahan
  555 U.S. 223 (2009) ..................................................................................8

Roadway Exp., Inc. v. Piper
  447 U.S. 752 (1980)..................................................................................11

Shaw v. Experian Information Solutions, Inc.
  306 F.R.D. 293 (S.D. Cal. 2015)...............................................................9

Silvers v. Sony Pictures Entm't, Inc.
  402 F.3d 881 (9th Cir. 2005).....................................................................2

Soto v. City of Concord
  162 F.R.D. 603 (N.D. Cal. 1995)..............................................................7

Sybersound v. UAV Corp.
  517 F.3d 1137 (9th Cir. 2008)...................................................................2

United States v. Am. Optical Co.
  39 F.R.D. 580 (N.D. Cal. 1966).................................................................6

**FEDERAL CODES/STATUTES**

17 U.S.C. § 501 ...............................................................................................2

**OTHER AUTHORITIES**

Civ. Proc. R. 45..............................................................................................9

Civil Procedure R 30(a)...................................................................................5

Fed. R. Civ. Proc. 26.......................................................................................6

Fed. R. Civ. Proc. 30(b)(6)..............................................................................6

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**TABLE OF AUTHORITIES
(CONTINUED)**

**Pages**

<u>Fed. Rule Civ. Proc.</u> 26(b)(1) ..................................................................... 7

<u>Federal Rules of Civil Procedure</u> Rules 26, 30, and 45 ............................. 6

<u>Federal Rules of Civil Procedure</u> Rule 45 ................................................. 6

<u>Federal Rules of Civil Procedure</u> Rule 45(g) .......................................... 10

<u>Federal Rules of Evidence</u> Rule 401 ......................................................... 7

<u>Local Rule</u> 37 ............................................................................................ 5, 6

<u>Local Rule</u> 45-1 ........................................................................................... 6

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

006237.00009
14566569.2

MOTION AND MOTION TO COMPEL

## MEMORANDUM OF POINTS AND AUTHORITIES
### I.  INTRODUCTION

Tresona Multimedia, Inc. ("Plaintiff" or "Tresona") filed this lawsuit against Brett Carroll ("Carroll" or "Defendant"), a high school choir director, claiming he infringed two music copyrights ("(I've Had) The Time of My Life" and "Magic") when a Burbank High School show choir performed a portion of those songs during school related competitions/performances during the 2013-14 and 2010-11 academic years, respectively.  Moreover, Tresona claims that Carroll infringed two separate copyrights when a choir from a different school (John Burroughs High School), which Carroll does not control or direct, performed portions of two songs  ("Hotel California" and "Don't Phunk With My Heart") during a high school choir competition that took place at Burbank High School. According to Tresona, it has "exclusive rights" to issue licenses for the four songs at issue and therefore has standing to enforce the supposed infringement.  Tresona's rights to three of those songs allegedly come from PEN.

Testimony and documents are needed from PEN as to several issues, including Tresona's standing, statute of limitations, damages and grand rights.  PEN refused to comply with the subpoena and did not appear for its deposition.  It sent only four pages of documents in response to the subpoena:  "letters of direction" that appear to be exhibits to larger agreements between songwriters and PEN.

On the standing issue, neither Tresona nor PEN are the songwriter or the record owner of any of these copyrighted works.  With respect to "Time of My Life," "Magic," and "Hotel California," Tresona claims that it derives its rights and standing from an agreement with PEN Music Group, Inc. ("PEN").  (Complaint ¶¶ 57-60, 68, 90-92, Exhibit "1"; Danforth Decl., ¶ 2).  Tresona is therefore acting as an agent of PEN.  Defendant is entitled to documents and testimony regarding the chain of title to these works, such as Tresona's agreement with PEN, as well as PEN's agreements with the copyright owners (the songwriters) to administer these

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

MOTION AND MOTION TO COMPEL

copyrights, in order to challenge the validity of Tresona's claim to have standing.[1]

On statute of limitations, the Complaint alleges that Defendant infringed the copyright to "Magic" during the 2010-11 school year. The Complaint was filed in 2016. The infringement appears to be barred by the three-year statute of limitations. Tresona has claimed that it did not know about the infringement until 2014 (despite several videos of the performance being published on YouTube in 2010 and 2011, at least one of which had "Magic" and the name of the choir in the title of the video and was therefore easily accessible to anyone searching for it). The date that PEN first knew or should have known of the alleged infringement is relevant to Defendant's statute of limitations defense, as that date would be imputed to Plaintiff.

On damages, Defendant seeks information and documents relating to the payments that have been received with respect to licensing these works, and the division of monies between PEN and Tresona.

Finally, grand rights are typically associated with book musicals such as West Side Story or Phantom of the Opera, not choirs. Plaintiff is asserting a novel theory that the lyrics in the choir's sets of songs conveyed a narrative story, and that therefore Defendant was required to obtain grand rights. Moreover, Tresona granted a license to John Burroughs High School for its choir to perform "Hotel California," presumably with the consent and for the benefit of PEN, but Tresona apparently withheld permission for grand rights in granting the license to John Burroughs High School. Defendant seeks PEN Music's understanding and interpretation of grand rights as it applies to high school choirs, its practices of enforcing grand rights against vocal music ensembles, and the scope of the license PEN and Tresona

---

[1] For a Plaintiff to have standing to sue for copyright infringement, it must be the owner or an exclusive licensee of a portion of the copyright interest. See, 17 U.S.C. § 501; Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 885-887 (9th Cir. 2005). With respect to joint works such as "Time of My Life" and "Hotel California," a license received from less than all owners of the joint work is insufficient to confer standing to sue for copyright infringement. Sybersound v. UAV Corp., 517 F.3d 1137, 1144 (9th Cir. 2008).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

granted to John Burroughs relating to "Hotel California."

## II. STATEMENT OF FACTS

The Complaint in this case was filed on June 29, 2016. The Complaint contains several allegations relating to PEN. For example, the Complaint states: "Michael Eames, President of the Association of Independent Music Publishers and President of PEN Music Group, met with Dr. John Paramo" (assistant school superintendent affiliated with Burbank); "One rights holder who has not been paid as a result of Defendants' infringement is PEN Music Group, Inc.," which "was started by Michael Eames…"; "when people liked Defendants steal music such as '(I've Had) the Time of My Life' and 'Magic,' it causes real hardship to PEN Music and Mr. Eames"; "Tresona entered into an agreement with PEN Music effective September 1, 2010." (Complaint ¶¶ 52, 54, 57, Exhibit "1"; Danforth Decl., ¶ 2)

Separately, in its interrogatory responses, Tresona has identified Michael Eames, President of PEN, as an individual with knowledge of the alleged copyright infringement. (Responses to Interrogatory 9, Exhibit "2"; Danforth Decl., ¶ 3).

Defendant filed his Answer on August 5, 2016, filed his Third Party Complaint against Josh Greene (the individual responsible for arranging the allegedly infringing music) on August 19, 2016, received Tresona's Initial Disclosures on September 13, 2016, and propounded written discovery requests on Tresona on September 23, 2016. (Danforth Decl., ¶ 4) In an attempt to obtain further evidence in this matter to support Carroll's defenses and Third Party Complaint, Defendant served a subpoena on PEN.

Specifically, on October 14, 2016, Defendant personally served a subpoena for documents and testimony, along with the required witness fee, on PEN's agent of service. (Subpoena, Exhibit "3"; Danforth Decl., ¶ 5). Defendant also provided notice of the subpoena to the other parties in the case. (Notice of Deposition, Exhibit "3"; Danforth Decl., ¶ 5). The subpoena sought relevant and necessary evidence related to Tresona's allegations in this case. (Id.) In particular, Defendant

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

sought evidence related to issues involving Tresona's standing to file this lawsuit, whether Tresona's claim with respect to "Magic" is barred by the statute of limitations, Tresona's purported damages, and PEN's policies and practices related to licensing grand rights (among other types of licenses).

As shown by the subpoena, Defendant requested documents and information related to PEN's business relationship with Tresona, PEN's ownership interest in the abovementioned songs, PEN's agreements with Tresona and the copyright owners regarding licensing of the abovementioned songs, PEN's communications regarding the Burbank High School show choir's use of the abovementioned songs, information related to other middle schools, high schools, and colleges requesting music licenses, the amount of money PEN has paid and/or earned as a result of its agreement with Tresona to license music, and PEN's policies/practices regarding the use and sale of various types of licenses and its monitoring of the use of its music online (e.g. YouTube).

Defense counsel received a letter from Michael Eames, President of PEN, on Friday afternoon, October 28, 2016, which indicated he was refusing to provide the vast majority of documents requested and would not be sending a representative to testify at the deposition.  (PEN Letter, Exhibit "4"; Danforth Decl., ¶ 6)  Eames provided only four pages in response — "letters of direction" from songwriters, instructing that payment be made to PEN.  (Id.)  These letters of direction appear to be exhibits to "worldwide publishing administration agreements" between PEN and the songwriters that PEN has failed to produce.  (Id)

Defense counsel sent a meet and confer letter to Mr. Eames the following morning, October 29, 2016, and left a voice message on Monday October 31, 2016.  (October 29, 2016 Email, Exhibit "5"; Danforth Decl., ¶ 7)  Defense counsel received no response from Mr. Eames or any attorney representing PEN prior to the time of deposition.  (Danforth Decl., ¶ 7)  Defendant took PEN's non-appearance on November 1, 2016, the date noticed for its deposition.  (November 1, 2016 Non-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Appearance; Exhibit "6"; Danforth Decl., ¶ 8).  After the non-appearance, Defense counsel wrote to counsel for Tresona and Greene regarding PEN's non-appearance, and included Mr. Eames as a cc. ((November 1, 2016 Email String, Exhibit "7"; Danforth Decl., ¶ 9).   Mr. Eames responded to Defense counsel:  "Mr. Craig:  I previously emailed you my letter of October 28th stating my objections to your subpoena and informing you that I would not be appearing today.  I sent a copy of that letter via certified mail and included in it the witness fee check which was uncashed." (Eames November 1, 2016 Email, Exhibit "8"; Danforth Decl., ¶ 10).  This has been the sum total of PEN's responses to Defendant's efforts to meet and confer.

Also on November 1, 2016, counsel for Tresona (PEN's agent) confirmed that it was not representing PEN Music and that PEN Music was an unrepresented party.  Mr. Denton wrote:  "It sounds to me as though Mr. Craig is trying to take advantage of an **unrepresented third party**.  If there is any meet-and-confer regarding this issue, I'd like to be included."  (Exhibit "7")(emphasis added).  Therefor L.R. 37-1 does not apply here.

Based on the foregoing, Carroll has no other option but to bring the present motion, and request the Court issue an Order compelling PEN to produce the documents requested, as well as to produce a person most knowledgeable to testify pursuant to the October 14, 2016 subpoena.  Carroll further respectfully requests the Court order PEN to provide the responsive documents within five (5) days of the date of its order, compel PEN's attendance at deposition within 5 (5) days, and pay sanctions in the amount of $4,788.00 to reimburse Defendant for the fees associated with enforcing the subpoena.

## III.  ARGUMENT

### A.  DEFENDANT CARROLL IS ENTITLED TO THE INFORMATION AND DOCUMENTS REQUESTED BY HIS SUBPOENA

Federal Rules of Civil Procedure R 30(a) states that a non-party may be

compelled to attend a deposition and provide documents pursuant to R 45.  It is well settled that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." <u>Fed. R. Civ. Proc.</u> 26.  Additionally, when a Defendant subpoenas an organization for testimony, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf…." <u>Fed. R. Civ. Proc.</u> 30(b)(6).

### 1.   <u>PEN Failed To Comply With The Subpoena And Defendant's Motion Is Proper</u>

In short, PEN failed to comply with Defendant's subpoena for records and testimony as required by <u>Federal Rules of Civil Procedure</u> Rules 26, 30, and 45.  Instead, Mr. Eames sent a letter espousing vague objections to Defendant's subpoena, containing no authority in support.  In fact, the vast majority of the letter is focused on what Mr. Eames believes is relevant or irrelevant to the present action.  (PEN Letter, Exhibit "4")  Accordingly, a non-appearance was taken at the time of PEN's scheduled deposition.  (Danforth Decl., Exh. "6")

<u>Federal Rules of Civil Procedure</u> Rule 45 states that when a non-party, who is not represented by counsel, refuses to comply with a subpoena, the party serving a subpoena may move "[a]t any time" "for an order compelling production or inspection." <u>Id</u>. at 45(d)(2)(i).  Under these circumstances, the moving party is not required to comply with <u>Local Rule</u> 37. <u>See</u>, <u>Local Rule</u> 45-1.  "[I]f the documents sought by the defendants in this proceeding are relevant to the subject matter of this action, and the defendants have shown good cause for their production, the subpoena should be enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing." <u>United States v. Am. Optical Co.</u>, 39 F.R.D. 580, 583 (N.D. Cal. 1966).  As discussed in greater detail below, the documents and testimony requested is relevant and good cause exists for disclosure.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

MOTION AND MOTION TO COMPEL

## 2.   <u>The Documents And Testimony Are Relevant</u>

Parties may obtain discovery regarding any matter that is (1) "not privileged" and (2) "relevant to the claim or defense of any party." <u>Fed. Rule Civ. Proc. 26(b)(1)</u>; <u>see also</u>, <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Relevant matter includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." <u>Soto</u>, 162 F.R.D. at 609, <u>citing</u> <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).

Because discovery is designed to define and clarify the issues, the question of relevancy should be construed "liberally and with common sense," and discovery should be allowed unless the information sought has no conceivable bearing on the case. <u>Soto</u>, 162 F.R.D. at 609. In fact, the United States Supreme Court confirmed this principle long ago.   <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 587 (1993)(The basic standard for disclosure during discovery is a "liberal one."), <u>citing</u> <u>Federal Rules of Evidence</u> Rule 401. For this reason, "the information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id</u>. at 610.

In the present case, Tresona is claiming that it has the exclusive right to issue licenses for the use of "Time of My Life," "Magic," and "Hotel California,"  and that Tresona derives this right from an alleged agreement with PEN.  Defendants believe Tresona Lacks proper standing.   Furthermore, Tresona claims that it complied with the statute of limitations in filing its claim related to "Magic" nearly five (5) years after the use in question was made public on YouTube.  Defendants believe that the claim for infringement of "Magic" is barred by the statute of limitation.   Separately, Tresona asserts that Carroll's involvement in the performances using "Time of My Life," "Magic," and "Hotel California" was willful infringement (including as to grand rights), and that the law concerning infringement in this case was clearly established (thus defeating Defendant's affirmative defense of qualified immunity).   Accordingly, the documents and

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

testimony sought by Defendant's subpoena are directly targeted at obtaining evidence to refute Plaintiff's claims and to support his many defenses in this matter including lack of standing, statute of limitations, damages issues, non-infringement of grand rights, and qualified immunity.

With this in mind, Defendant is entitled to discover facts related to Tresona's business relationship with PEN given the fact that PEN supposedly granted the licensing rights at issue, and to test the assertion made by Plaintiff that PEN itself has exclusive rights (or any rights) to the copyrighted works that Mr. Carroll is alleged to have infringed.  Likewise, information relating to PEN's relationship with Josh Greene is important because he is the individual responsible for preparing the arrangements of the songs in question.  Moreover, PEN's practices related to copyright infringement – which would be evidenced by the policies and communications requested in Defendant's subpoena – would clearly have a "tendency to make the existence of a[ ] fact that is of consequence to the determination of the action more probable or less probable...," especially as it relates to qualified immunity.  <u>See</u>, <u>Daubert</u>, <u>supra</u>, 509 U.S. at 587 (Discussion of relevance); <u>Pearson v. Callahan</u>, 555 U.S. 223 (2009)(Qualified immunity protects against liability where the conduct does not violate clearly established statutory or constitutional rights.)

Last, Defendant is entitled to discover evidence related to PEN's instructions – if any – regarding when Tresona should seek to enforce a supposed copyright infringement, information related to when PEN discovered alleged infringement by Carroll, and PEN's communications with Tresona and/or Josh Greene related to Carroll's supposed copyright infringement.  All of this evidence could reasonably lead to facts that may bear on claims or defenses in this case such as the statute of limitations, qualified immunity, damages, and standing.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

3. **PEN's Vague Claim That The Subpoena Seeks "Confidential" Material Is Without Merit**

Although Mr. Eames and PEN asserted in the October 28, 2016 letter that the documents sought by Defendant's subpoena are confidential, he failed to identify any specific privilege at issue or provide any authority supporting the same.  To the extent PEN is withholding documents pursuant to a claim of privilege, this is improper.  It is well settled that "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. Proc. R. 45.

Despite this clear authority, Mr. Eames' letter only states that he will not provide documents and information because it supposedly relates to "confidential material about our relationships with our clients."  (Exhibit "4")  No documents are described and no specific privilege is identified.

Yet, even if PEN was able to identify some supposed privilege, "(T)here is no absolute privilege for trade secrets and similar confidential information." Centurion Industries, Inc. v. Warren Steurer and Associates, 665 F.2d 323, 325-326 (10th Cir. 1981)(Parenthesis in original), citing Federal Open Market Committee v. Merrill, 443 U.S. 340, 362, (1979).  Likewise, the general right to privacy is not absolute and simply requires the court to balance the need for information against the claimed privacy right.  See, Shaw v. Experian Information Solutions, Inc., 306 F.R.D. 293, 301 (S.D. Cal. 2015).  While Defendant would only be speculating regarding what potential privilege applies, it is clear that the need for this information far outweighs any claimed interest in withholding documents and testimony.  Accordingly, this Court should order PEN to comply with Defendant's subpoena.

The Court should be unsympathetic to any claim by PEN that a protective

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

006237.00009
14566569.2

order should be entered before documents are produced.   Plaintiff and PEN are using this contention to avoid their discovery obligation.   Plaintiff recently responded to many of Plaintiff's document requests by saying that it would not produce any documents until a protective order is entered.  (Responses to Request for Production, e.g. Nos. 1-4, 10-13 (regarding documents supporting Tresona's standing and licensing rights), Exhibit "9"; Danforth Decl., ¶ 11).   However, as of November 8, 2016, Plaintiff has not sent Defendant a proposed protective order to which it wants Defendant to stipulate (despite several invitations to do so by Defendant's counsel), nor has Plaintiff ever moved the court for entry of a protective order.  (October 31, 2016 Email String and November 4, 2016 Letter, Exhibit "10"; Danforth Decl., ¶ 12).    PEN and Tresona, principal and agent, have put their agreements and standing at issue by suing Defendant, and are playing games to avoid producing the documents that will likely reveal that they lack standing.

## B.   **DEFENDANT IS ENTITLED TO MONETARY SANCTIONS**

Federal Rules of Civil Procedure Rule 45(g) permits "[t]he court for the district where compliance is required… may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Ibid.

As stated by the Eighth Circuit:

> The applicable law is undisputed. A district court has inherent power to enforce compliance with its lawful orders and mandates by awarding civil contempt damages, including attorneys fees. See Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); Compers v. Buck's Stove and Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1910); Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1922); Folk v. Wallace Business Forms, Inc., 394 F.2d 240 (4th Cir. 1968). **A subpoena is a lawfully issued mandate of the court issued by the clerk thereof.** It is the responsibility of every citizen to respond to this mandate.   United States v. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950), and it is within the court's power to force that response.

Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1340–41 (8th Cir. 1975)(Emphasis

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  added).   Moreover, the Court can issue sanctions, ordering the reimbursement of

2  attorneys' fees and other costs, based on its inherent power, when responding party

3  acted in bad faith.  See, Roadway Exp., Inc. v. Piper, 447 U.S. 752, 765-766 (1980).

4          Here, PEN and Mr. Eames have disobeyed a lawful subpoena, citing no

5  applicable privilege, failing to describe any of the documents at issue, and basing at

6  least a portion of the disobedience on Mr. Eames' determination regarding

7  relevance.  In fact, the underlying theme of Mr. Eames' letter is that because he is

8  not a party to the lawsuit and because he believes the lawsuit is Defendant Carroll's

9  fault, he is not obligated to comply.  Mr. Eames' position shows complete disregard

10  for the federal discovery process and can only be described as a bad faith attempt to

11  avoid compliance.

12          For these reasons, Defendant requests monetary sanctions in an amount to be

13  determined after the motion is granted, in the amount necessary to compensate

14  Defendant for the costs of bringing this Motion and the costs of the court reporter's

15  fees for the non-appearance (Danforth Decl., ¶¶ 13-15).

16                          IV.   **CONCLUSION**

17          For the foregoing reasons, Defendant respectfully requests the Court to issue

18  an Order compelling PEN to comply with its subpoena for documents and

19  testimony.   Finally, Defendant requests monetary sanctions, in an amount to be

20  determined after the motion is granted.

21

22  Dated: November 8, 2016              ATKINSON, ANDELSON, LOYA, RUUD &
                                        ROMO
23

24                                      By:  /s/ Scott D. Danforth
                                            Marlon C Wadlington
25                                          Aaron S. Craig
                                            Scott D. Danforth
26                                          Attorneys for Defendant BRETT
                                            CARROLL
27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1

## DECLARATION OF SCOTT D. DANFORTH

2     I, Scott D. Danforth, do declare and state as follows:

3     1.    I am an attorney licensed to practice law before all the Courts of the

4 state of California, and the Central District of California.  I am an associate in the

5 law firm of Atkinson, Andelson, Loya, Ruud & Romo, LLP and counsel for Brett

6 Carroll ("Defendant" or "Carroll") in the above-captioned matter.  I have personal

7 knowledge of the facts set forth in this Declaration.  If called as a witness, I could

8 and would competently testify to those facts.

9     2.    Attached hereto as **Exhibit "1"** is a true and correct copy of Plaintiff's

10 Complaint in this matter, filed on June 29, 2016.

11     3.    Attached hereto as **Exhibit "2"** is a true and correct copy of Plaintiff's

12 Responses to Special Interrogatories, which identify Michael Eames as an individual

13 with knowledge of the alleged copyright infringement.

14     4.    We filed an Answer on behalf of Carroll on August 5, 2016, filed his

15 Third Party Complaint against Josh Greene (the individual responsible for arranging

16 the allegedly infringing music) on August 19, 2016, received Tresona's Initial

17 Disclosures on September 13, 2016, and propounded written discovery requests on

18 Tresona on September 23, 2016.

19     5.    On October 14, 2016, we personally served a subpoena for documents

20 and testimony on PEN Music Group, Inc. ("PEN").  Attached hereto as **Exhibit "3"**

21 is a true and correct copy of the Notice of Taking Deposition of PEN, which

22 includes the Subpoena served on PEN.  Also attached at the end of Exhibit "3" is the

23 executed Proof of Service, which indicates that witness fees were provided at the

24 time of service.

25     6.    I received a letter from Michael Eames, President of PEN, on Friday

26 afternoon, October 28, 2016, which indicated he was refusing to provide the vast

27 majority of documents requested and would not be sending a representative to

28 testify at the deposition.  Attached hereto as **Exhibit "4"** is a true and correct copy

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

MOTION AND MOTION TO COMPEL

of the October 28, 2016 letter sent by Michael Eames on behalf of PEN, which included four "letters of direction."

7.      On the morning of October 29, 2016, I sent a meet and confer letter to Mr. Eames and on Monday, October 31, 2016, I was present when Aaron Craig left a voice message for Mr. Eames again requesting that he agree to meet and confer. Attached hereto as **Exhibit "5"** is a true and correct copy of the October 29, 2016 Email.  No response was received by Mr. Eames or any attorney representing PEN, prior to the time of the noticed deposition on November 1, 2016.

8.      Attached hereto as **Exhibit "6"** is a true and correct copy of the transcript prepared regarding PEN's non-appearance on November 1, 2016.

9.      Following the November 1, 2016 non-appearance, Mr. Craig wrote to counsel for Tresona and Greene regarding PEN's non-appearance, and included Mr. Eames as a cc.  Attached hereto as **Exhibit "7"** is a true and correct copy of the November 1, 2016 email string containing this communication.

10.      Mr. Eames responded to Mr. Craig's November 1, 2016 email on the same day.  Attached hereto as **Exhibit "8"** is a true and correct copy of Mr. Eames' November 1, 2016 email response.   Mr. Eames has not provided any further correspondence and has never agreed to meet and confer with Defense counsel.

11.      Plaintiff's Responses to Requests for Production, which are dated October 26, 2016, state, on numerous occasions, that it will not produce documents until after a protective order is entered by the Court.  Attached hereto as **Exhibit "9"** is a true and correct copy of Plaintiff's Responses to Requests for Production of Documents.

12.      Counsel for Tresona has been asked several times to provide a proposed protective order.  However, to date, no such proposed protective order has been provided.  Attached hereto as **Exhibit "10"** are true and correct copies of the October 31, 2016 email string requesting a proposed protective order, along with the November 4, 2016 meet and confer letter relating to Tresona's discovery responses

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    requesting the same.

2        13.    As a result of Mr. Eames' and PEN's refusal to comply with

3    Defendant's lawful subpoena, Defense counsel has been forced to expend a total of

4    11.9 hours in presenting this motion to the Court.  This amount reflects 9 hours

5    expended by me in drafting and revising the motion and 2 hours expended by Mr.

6    Craig in reviewing and revising the motion.  Mr. Craig also expended 0.9 hours on

7    the non-appearance and emails following the non-appearance.  My rate is

8    $230.00/hour and Mr. Craig's rate is $350.00/hour.  The total attorneys' fees for

9    these 11.9 hours is $3,085.00.

10       14.    Separately, the cost of the non-appearance was $323.15.  Attached

11   hereto as **Exhibit "11"** is a true and correct copy of the invoice for that proceeding.

12       15.    Finally, I anticipate spending an additional 4 hours preparing reply

13   papers and an additional 2 hours preparing for and attending a hearing (if

14   necessary).  This amounts to $1,380.00.  Accordingly, Defendant seeks an award of

15   not less than $4,788.15 in connection with this matter.

16       I declare, under penalty of perjury under the laws of the United States, that

17   the foregoing is true and correct, and that this declaration was made and executed

18   this 8th day of November 2016, in Cerritos, California.

19

20

21

22   By:   */s/ Scott D. Danforth*
                      **Scott D. Danforth**
23                   Declarant

24

25

26

27

28

MOTION AND MOTION TO COMPEL

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## CERTIFICATE OF SERVICE

Case Name: Tresona Multimedia LLC v. Burbank High School Vocal Music Association, et al.

No.:   2:16-CV-04781-SVW (FFMx)

On November 9, 2016, I filed the following document(s) described as **DEFENDANT BRETT CARROLL'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA FOR DOCUMENTS AND TESTIMONY AND FOR MONETARY SANCTIONS; DECLARATION OF SCOTT D. DANFORTH AND ATTACHED EXHIBITS** electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The party(ies) listed below are currently on the list to receive e-mail notices for this case.

| | |
|---|---|
| Brad A. Denton<br>brad@dentonpeterson.com<br>Larry A. Dunn<br>larry@dentonpeterson.com<br>Elena J. Cottam<br>elena@dentonpeterson.com<br>Denton Peterson, PC<br>1930 N. Arboleda Road, Suite 200<br>Mesa, Arizona 85213<br>(480) 325-9900<br>Fax (480) 325-9901 | Attorneys for Plaintiff |
| William D. Chapman, Esq.<br>CADDEN & FULLER LLP<br>114 Pacifica, Suite 450<br>Irvine, CA  92618<br>wchapman@caddenfuller.com<br>(949) 788-0827<br>Fax (949) 450-0650 | Attorneys for Plaintiff |
| A. Eric Bjorgum<br>Marc Karish<br>KARISH & BJORGUM, PC<br>119 E. Union Street, Ste. B<br>Pasadena, California 91103<br>Telephone: (213) 785-8070<br>Facsimile: (213) 995-5010<br>Eric.bjorgum@kb-ip.com | Attorneys for Defendants Burbank High School Vocal Music Association Boosters, Ellie Stockwell, Marianne Winters, Geneva Tarandek, Lorna Consoli, Charles Rodriguez, and their respective spouses |
| Christiane C. Kinney<br>LECLAIRRYAN, LLP<br>725 S. Figueroa Street, Suite 350<br>Los Angeles, California 90017-5455 | Attorneys for Josh Greene and Squareplay, Inc. d/b/a Squareplay Entertainment |

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

006237.00009
14566569.2

MOTION AND MOTION TO COMPEL

Telephone: (213) 488-0503
Fax: (213) 624-3755
Christiane.Kinney@leclairryan.com

☑   **BY EMAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

The following parties are designated as non-registered CM/ECF participant, and accordingly have been served by:

PEN Music Group, Inc.,
Agent:  Michael Eames
12456 Ventura Blvd # 3
Studio City, CA 91604

☒   **BY MAIL:** I placed a true and correct copy of the document(s) in a sealed envelope for collection and mailing following the firm's ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 9, 2016, at Cerritos, California.

/s/ Scott D. Danforth
Scott D. Danforth

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 2 -
MOTION AND MOTION TO COMPEL