ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Marlon C Wadlington State Bar No. 192138
MWadlington@aalrr.com
Aaron S. Craig, State Bar No. 204741
ACraig@aalrr.com
Scott D. Danforth, State Bar No. 258382
SDanforth@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Defendant BRETT CARROLL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRESONA MULTIMEDIA, LLC, an Arizona limited liability company,,

Plaintiff,

v.

BURBANK HIGH SCHOOL VOCAL MUSIC ASSOCIATION; BRETT CARROLL and JOHN DOE CARROLL, a married couple; ELLIE STOCKWELL and JOHN DOE STOCKWELL, a married couple; MARIANNE WINTERS and JOHN DOE WINTERS, a married couple; GENEVA TARANDEK and JOHN DOE TARANDEK, a married couple; LORNA CONSOLI and JOHN DOE CONSOLI, a married couple; CHARLES RODRIGUEZ and JANE DOE RODRIGUEZ, a married couple,

Defendants.

BRETT CARROLL, an individual and employee of the BURBANK UNIFIED SCHOOL DISTRICT,

Third-Party Plaintiff,

Case No. 2:16-CV-04781-SVW (FFMx)

**DEFENDANT BRETT CARROLL'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

**<u>Full Set of Pleadings:</u>**
**Notice of Motion & Motion**
**Memorandum of Points and Authorities**
**Statement of Uncontroverted Facts and Conclusions of Law**
**Declaration of Brett Carroll and Exhibits**
**Declaration of Aaron Craig and Exhibits**
**Declaration of Scott Danforth and Exhibits**
**Proposed Judgment**

Date: December 19, 2016
Time: 1:30 p.m.
Courtroom: 6

Complaint Filed: June 29, 2016

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

v.

JOSH GREENE, an individual; SQUAREPLAY, INC. d/b/a SQUAREPLAY ENTERTAINMENT, a California corporation; and DOES 1-10,

Third-Party Defendants

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **December 19, 2016**, at **1:30 p.m.** in Courtroom 6 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, CA 90012-4701, at 1:30 p.m. or as soon thereafter as counsel may be heard, Defendant Brett Carroll will and hereby does move, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on the Plaintiff's Complaint, and each of the claims stated therein, on the ground that there is no genuine issue as to any material fact relating to certain of Plaintiff's claims and Mr. Carroll's affirmative defenses, as follows: (1) that with respect to the songs "(I've Had) The Time of My Life," "Hotel California" and "Don't Phunk With My Heart," Plaintiff lacks standing under Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137 (9th Cir. 2008) as each of these songs are joint works and Plaintiff is, at most, the assignee of just one of several joint owners of each of these the works; (2) alternatively, with respect to those same three songs, the uses made by Defendants were licensed; (3) Plaintiff's claims with respect to the song "Magic" are barred by the statute of limitations, as the alleged infringement took place in 2010 and 2011, the alleged infringing performances have been published on YouTube since 2011, and Plaintiff and the copyright owner knew or reasonably should have known about the accused infringement of Magic prior to June 29, 2013 (three years before the filing of the Complaint); (4) that Defendant Brett Carroll is entitled to judgment with respect to his affirmative defense of

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

qualified immunity, in that the only capacity in which he has taken any action with respect to the allegations in this case is as a high school music teacher—a public employee, and he has not violated any clearly established right.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the Declarations of Brett Carroll, Scott Danforth and Aaron Craig, and Defendant's Statement of Uncontroverted Facts and Conclusions of Law, all filed concurrently herewith, as well as all pleadings and papers on file in this action, all matters of which the Court may take judicial notice and such other matters as may be presented to the Court at the time of the hearing.

This Motion is made following the conferences of counsel pursuant to Local Rule 7-3, which took place on November 1, 2016 and November 4, 2016. See Declaration of Aaron Craig ("Craig Decl.") ¶2.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Dated: November 21, 2016

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Scott D. Danforth
Marlon C. Wadlington
Aaron S. Craig
Scott D. Danforth
Attorneys for Defendant and Third-Party Plaintiff BRETT CARROLL

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 2

A. Facts Relating to Tresona's Lack of Standing .......... 2

1. (I've Had) The Time of My Life .......... 3

2. Hotel California .......... 4

3. Don't Phunk With My Heart .......... 5

B. Facts Relating to Licenses Granted as to ("I've Had) The Time of My Life," "Don't Phunk With My Heart" and "Hotel California" .......... 5

C. Facts Relating to Statute of Limitations .......... 6

D. Facts Related to Qualified Immunity .......... 8

III. ARGUMENT .......... 10

A. Standard of Review .......... 10

B. Partial Summary Judgment Should Be Granted Because Plaintiff Lacks Standing as a Licensee of Fewer than All Owners of the Joint Works "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California," .......... 11

C. Alternatively the Court Should Grant Partial Summary Judgment Because Licenses Were Obtained for "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California." .......... 14

D. Partial Summary Judgment Should Be Granted as to "Magic" Because the Alleged Infringement is Barred by the Statute of Limitations .......... 16

E. The Court Should Grant Summary Judgment to Brett Carroll as to his Affirmative Defense of Qualified Immunity .......... 18

1. Carroll is being sued for his duties as a public employee .......... 20

2. Carroll's Conduct Was Not Barred By Clearly Established Law .......... 20

a. Custom Arrangement Licenses .......... 21

b. Synchronization Licenses .......... 22

c. Grand Rights .......... 23

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## TABLE OF CONTENTS (CONTINUED)

**Page**

3. Carroll Acted Reasonably ........ 24

IV. CONCLUSION ........ 25

- ii -

006237.00009
14610759.1

DEFENDANT BRETT CARROLL'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## TABLE OF AUTHORITIES

**Pages**

**FEDERAL CASES**

Action Apt. Assoc., Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020 (9th Cir.2007) .......... 19

Anderson v. Creighton 483 U.S. 635 (1987) .......... 21

Anderson v. Liberty Lobby, Inc. 477 U.S. 242 (1986) .......... 10

Ass'n. for Info. Media and Equip.. v. Regents of the University of California 2012 WL 7683452 (C.D. Cal. 2012) .......... 19, 21

Blankenhorn v. City of Orange 485 F.3d 463 (9th Cir. 2007) .......... 24

Brewster v. Board of Education 149 F.3d 971 (9th Cir. 1998) .......... 24

Butz v. Economou 438 U.S. 478 (1978) .......... 24

C.F. v. Capistrano Unified Sch. Dist. 656 F. Supp. 2d 1190 (C.D. Cal. 2009) .......... 21

Celotex Corp. v. Catrett 477 U.S. 317 (1986) .......... 10, 11

Davis v. Blige 505 F.3d 90 (2d Cir. 2007) .......... 14, 15

Devereaux v. Abbey 263 F. F3d 1070 .......... 11

Farnan v. Capistrano Unified Sch. Dist. 654 F.3d 975 (9th Cir. 2011) .......... 21, 22

Gershwin v. Whole Thing Co. 1980 WL 1182 (C.D. Cal. 1980) .......... 3

Kelley v. Borg 60 F.3d 664 (9th Cir.1995) .......... 19, 21

Kennedy v. Ridgefield City 439 F.3d 1055 (9th Cir. 2006) .......... 20

Kramer v. Thomas No. CV 05–8381 AG (CTX), 2006 WL 4729242, (C.D.Cal. Sept. 28, 2006) .......... 11, 14

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## TABLE OF AUTHORITIES (CONTINUED)

**Pages**

Maljack Productions, Inc. v. Good Times Home Video Corp. 81 F.3d 881 (9th Cir. 1996) ........ 3

Malley v. Briggs 475 U.S. 335 (1986) ........ 24

Minden Pictures, Inc. v. John Wiley & Sons, Inc. 795 F.3d 997 (9th Cir. 2015) ........ 11

Nunez v. Davis 169 F.3d 1222 (9th Cir. 2000) ........ 18

*Oddo v. Ries* 743 F.2d 630 (9th Circ. 1984) ........ 12

Pearson v. Callahan 555 U.S. 223 (2009) ........ 19

Petrella v. MGM 134 S.Ct. 1962 (2014) ........ 16

Polar Bear Productions, Inc. v. Timex Corp. 384 F.3d 700 (9th Cir. 2004) ........ 16

Reynolds v. County of San Diego 84 F.3d 1162 (9th Cir. 1996) ........ 24, 25

Rosner v. Codata Corp. 917 F. Supp. 1009 (S.D.N.Y. 1996) ........ 16

Saucier v. Katz 533 U.S. 194 (2001), overruled on other grounds ........ 19, 20, 21, 24

Squaw Valley Dev. Co. v. Goldberg 375 F.3d 936 (9th Cir.2004), ........ 19

Sybersound Records v. UAV Corp. 517 F.3d 1137 (9th Cir. 2008) ........ 1, 12, 13

Young Money Entertainment v. Digerati Holdings LLC, 2012 WL 5572109 (C.D. Cal. 2012) ........ 15

**Federal Codes/Statutes**

17 U.S.C. § 201(d) ........ 12

17 U.S.C. § 201(d)(2) ........ 11

17 U.S.C. § 507(b) ........ 6, 16

Atkinson, Andelson, Loya, Ruud & Romo
A Professional Corporation
Attorneys at Law
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Tresona has accused Defendant Brett Carroll, a vocal music teacher at Burbank High School, of infringing copyrights to four songs. Burbank High School's top mixed (boys and girls) show choir, "In Sync," performed excerpts of the copyrighted works "Magic" in 2011 and "(I've Had) The Time of My Life" in 2014. With respect to the other two songs, Plaintiff is accusing Mr. Carroll of infringement because another school, John Burroughs High School, performed "Don't Phunk With My Heart" and "Hotel California" at a vocal music festival hosted by Burbank High School.

Mr. Carroll is moving for summary judgment on several grounds. Tresona lacks standing to sue with respect to three of the four songs at issue in the Complaint, "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California," because these songs are joint works, and Plaintiff is an assignee of just one of the co-owners of each of these works and thus lacks standing under Sybersound Records v. UAV Corp., 517 F.3d 1137 (9th Cir. 2008).

Alternatively, the court should grant partial summary judgment on these three songs because the schools obtained licenses to arrange and perform them (in two cases from Plaintiff itself!). Tresona issued licenses to the John Burroughs High School choir for "Don't Phunk With My Heart" and "Hotel California," which fact Tresona has admitted in interrogatory responses. Further, Burbank High School obtained a license to arrange and record "(I've Had) The Time of My Life" from WorldSong, Inc., proprietor of 62.5% of the copyright interest in that work, which license was obtained in 2016 but which the licensor made effective as of January 1, 2013.

The infringement claim as to the fourth song, "Magic," is barred by the statute of limitations, as Plaintiff and its assignor of rights knew or reasonably should have known of Burbank High School's performance, which has been widely viewed on

YouTube ever since the videos were first uploaded to YouTube in 2011. Taken together, Plaintiff's lack of standing (and/or Defendants' licenses) on three of the songs, and the statute of limitations defense as to "Magic" completely dispose of all three of Plaintiff's copyright infringement counts.

Defendant is also entitled to summary judgment on his affirmative defense of qualified immunity. Mr. Carroll is a public employee who was acting solely in his capacity as a public employee by engaging in the actions of which Plaintiff complains. The undisputed facts show that Mr. Carroll did not violate any clearly established right; the infringements alleged by Plaintiff are extremely esoteric and grey areas of copyright law, which Plaintiff's own documents admit. Therefore, the Court should grant summary judgment and spare him the burden of trial.

## II. STATEMENT OF FACTS

### A. Facts Relating to Tresona's Lack of Standing

Tresona is not a registered owner of any of the copyrighted works in this case. (Undisputed Fact ("UF") 1; Copyright Records, Craig Decl., Exhs. 2-5). Tresona has sued Defendants for infringement of four songs, but it clearly lacks standing as to at least three of the four songs,[1] as three of the works are "joint works" and Tresona's rights to them flow from fewer than 100% of the copyright owners to those joint works.

[1] Tresona has refused to date to produce any documents in discovery relating to its standing, and thus the Court would be justified in granting summary judgment for lack of standing as to all four of the copyrighted works. Tresona contends that such documents are confidential and will only be produced under a protective order (Responses to RFPs, Craig Decl., ¶8, Ex. "6"). Yet Plaintiff never informed Defendants that it believed a protective order was needed until Defendants received Plaintiff's responses to its Requests for Production on October 31, 2016. (Craig Decl., ¶8). Plaintiff then did not send Defendants a draft protective order until November 8. (Craig Decl., ¶8). On November 18, 2016, the parties filed a joint stipulated motion for entry of a protective order [Dkt No. 69]. As of the filing of this Motion, Plaintiff has still failed to provide any evidence to support its claim of standing, and should be barred from producing any such evidence in opposition to the Motion.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**1. (I've Had) The Time of My Life**

Plaintiff has alleged infringement of "(I've Had) The Time of My Life" by the Burbank High School Show Choir "In Sync" during the 2013-14 school year. (Complaint ¶62, Craig Decl., Exh. 1). Plaintiff alleges that Defendants infringed Plaintiff's copyright interest in this work "by failing to get required custom arrangement licenses," "synchronization licenses[2]," and "grand right licenses[3]" (Complaint ¶¶ 95, 98, 101). The Burbank Show Choir used 9 measures of the work, or approximately 18 seconds. (UF 32; Declaration of Brett Carroll ("Carrol Decl."), Exh. 16 and ¶4.

According to the "Public Catalog" database of the United States Copyright Office, "(I've Had) The Time of My Life" was written by Franke Previte, Donald Markowitz and John DeNicola, and the copyright claimant is "Columbia Pictures Publications." (UF 2; Copyright Records, Craig Decl., Exh. 2). Thus, (I've Had) The Time of My Life is a joint work.

Plaintiff alleges that its rights in "(I've Had) The Time of My Life" come from a contract between itself and PEN Music Group. (UF 3; Complaint ¶¶ 57-58 and 90-92, Craig Decl., Exh. 1). PEN Music has admitted that it controls just 25% of "(I've Had) The Time of My Life." (UF 4; Email from Michael Eames to Josh Greene dated February 28, 2015, p. 1, Carroll Decl., Exh. 18). PEN Music Group's rights to "(I've Had) The Time of My Life" flow from one of the songwriters, Donald Markowitz, and his assignee "Calspen Music." (UF 5; Eames Letter dated October 28, 2016, Danforth Decl., Exh. 14). PEN Music Group and Tresona have no rights from Franke Previte and John DeNicola (Id.), and therefore Plaintiff's

[2] Generally speaking, "synchronization rights" refer to using a song in a video recording, where the music is "synchronized" with images. See Maljack Productions, Inc. v. Good Times Home Video Corp., 81 F.3d 881 (9th Cir. 1996).

[3] Grand rights are "required if (1) a song is used to tell a story; or (2) a song is performed with dialogue, scenery or costumes." Gershwin v. Whole Thing Co., 1980 WL 1182 (C.D. Cal. 1980).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

rights derive from fewer than 100% of the copyright owners.[4]

**2. Hotel California**

Plaintiff has accused Mr. Carroll of infringing the copyright to "Hotel California" because a choir from John Burroughs High School performed the song at the 2015-16 Burbank Blast. (Complaint ¶ 89, Craig Decl., Exh. 1). The Burbank Blast is hosted by Burbank High School. (Id.) Plaintiff alleges that Defendants infringed Plaintiff's copyright interest in this work by failing to get a "grand rights" license. (Complaint ¶101).

According to the "Public Catalog" database of the United States Copyright Office, "Hotel California" was written by Don Henley, Glenn Frey, and Don Felder. (UF 7; Copyright Records, Craig Decl., Exh. 4). There are four additional entities on the copyright registry: Long Run Music Publishing, Fingers Music Publishing, WB Music Corporation and Warner Brothers Publications, Inc. (Id.) Thus, Hotel California is a joint work.

Plaintiff contends that its rights in "Hotel California" come from a contract between itself and PEN Music Group. (UF 8; Complaint ¶¶ 57-58 and 90-92, Craig Decl., Exh. "1"). However, PEN Music Group's rights to "Hotel California" flow solely from Don Felder and his company Fingers Music Publishing. (UF 9; Eames Letter dated October 28, 2016, Danforth Decl., Exh. 14). PEN Music Group and Tresona have no rights from Don Henley, Glenn Frey, or the other entities identified on the copyright registration, and therefore Plaintiff's rights derive from fewer than 100% of the copyright owners. (Id.)

[4] Defendants further know that Tresona and PEN Music do not have rights from 100% of the owners of the work because Defendants received a license for "(I've Had) The Time of My Life" from Messrs. Previte and DeNicola's copyright administrator, WorldSong, Inc., which administers their 62.5% interest in the Work (UF 6; Adaptation and Synchronization Agreement, Carroll Decl. Exh. 15 and ¶3).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**3. Don't Phunk With My Heart**

Plaintiff has accused Mr. Carroll of infringing the copyright to the Black Eyed Peas' hit song, "Don't Phunk With My Heart," because a choir from the John Burroughs High School performed part of it at the 2014-15 Burbank Blast. (Complaint ¶84, Craig Decl., Exh. 1). The Burbank Blast is hosted by Burbank High School. (Id.) Plaintiff alleges that Defendants infringed Plaintiff's copyright interest in this work by failing to get a "grand rights" license. (Complaint ¶101).

According to the "Public Catalog" database of the United States Copyright Office, "the copyright claimants for Don't Phunk With My Heart" are Will.I.Am Music, Inc and seven other entities, none of which is Tresona. (UF 10; Copyright Records, Craig Decl., Exh. 5). Thus, "Don't Phunk With My Heart" is a joint work.

Plaintiff contends that its rights to "Don't Phunk With My Heart" come from a contract with The Royalty Network (UF 11; Complaint ¶¶ 85-88). In a conversation with Mr. Carroll's counsel on November 10, 2016, Royalty Network's President admitted that its rights to "Don't Phunk With My Heart" do not come from Will.I.Am or the Black Eyed Peas, but from Kalyanji and Indivar Anandji, who recorded a song that the Black Eyed Peas sampled for "Don't Phunk." (UF 12; Craig Decl., ¶10). Tresona and Royalty Network have no rights from any of the copyright owners or claimants other than Kalyanji and Indivar Anandji, and therefore Plaintiff's rights derive from fewer than 100% of the copyright owners.

**B. Facts Relating to Licenses Granted as to ("I've Had) The Time of My Life," "Don't Phunk With My Heart" and "Hotel California"**

In 2016, Burbank High School Show Choir entered into an Adaptation and Synchronization Agreement with WorldSong, Inc., effective as of January 1, 2013, for custom arrangement/adaptation and synchronization rights for the song "(I've Had) The Time of My Life." (UF 6; Adaptation and Synchronization Agreement; Carroll Decl. Exh. 15 and ¶3). WorldSong, Inc. is the 62.5% proprietor of the copyright interest in copyrighted work. (Id.). The license confers the right "to

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

arrange, re-arrange, edit and adapt the Composition for performance," to "record the Composition, in whole or in part, in synchronization with moving images" and to "reproduce, perform, distribute and otherwise exploit the Composition . . . in connection with the "Performance Video." (Id.).

Tresona has admitted that it issued custom arrangement licenses to John Burroughs High School for "Don't Phunk With My Heart" and "Hotel California." (UF 13; Tresona Multimedia's Response to Brett Caroll's Interrogatories, Set One, No. 8, Craig Decl., Exh. 7 and ¶9). Plaintiff has not produced those licenses, but defendants obtained a copy of the "Hotel California" license from John Burroughs High School. ("Hotel California" License; Craig Decl., Exh. 8 and ¶9).

**C. Facts Relating to Statute of Limitations**

Plaintiff has alleged infringement of the Olivia Newton-John song "Magic" by the Burbank High School Show Choir "In Sync" during the 2010-11 school year. (Complaint ¶70, Craig Decl., Exh. 1). Plaintiff alleges that Defendants infringed Plaintiff's copyright interest in "Magic," "by failing to get required custom arrangement licenses," "synchronization licenses," and "grand right licenses" (Complaint ¶¶ 95, 98, 101).

Plaintiff filed the Complaint on June 29, 2016. (UF 17, Docket No. 1). The statute of limitations for copyright is three years. 17 U.S.C. §507(b).

All of Burbank High School's performances of "Magic," took place in 2011, and the Burbank High School show choirs have never performed "Magic," during any other year. (UF 14; Carroll Decl., ¶5). Accused performances of "Magic" in 2011 were recorded on video and were uploaded and published on www.YouTube.com by various people in 2011 and 2012. (UF 15; www.YouTube.com screen-shots and CD-ROM with YouTube videos, Craig Decl., Exh. 9 and ¶11; Carroll Decl., ¶6). One video showing the accused performance of "Magic" was uploaded on March 11, 2011, with the searchable title "Burbank In

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Sync 2011 – 'Levitate / Magic.'"[5] (Id.). This YouTube video had 10,581 views as of November 18, 2016. (Id.). The YouTube video also has 13 comments, all of which are described as having been made "5 years ago," which indicates that the video was publicly viewable in 2011-12. (Id.). Two other YouTube videos showing the accused performance of "Magic" were uploaded on March 7, 2011 and February 26, 2012, and have had nearly 15,000 views combined as of November 18, 2016."[6] (Id.).

Tresona contends in its Complaint that it did not know of the infringement of Magic until November 2014. (Complaint ¶75). However, Tresona is in the business of generating revenue by selling copyright licenses to show choirs, and it obtained its rights to "Magic" from PEN Music Group in September 2010 (UF 16, 18, Complaint ¶¶ 17-19, 57). Moreover, it is undisputed that Tresona was a "Premier Partner" with YouTube on November 28, 2012. (UF 17; November 28, 2012 email from Mike Smith, Tresona Multimedia to "Brett Carroll; Burbank High School," Carroll Decl., Exh. 17 and ¶7). It is also undisputed that Tresona knew, on November 28, 2012, that videos of Burbank High School show choirs were available on YouTube, as Tresona solicited Mr. Carroll and Burbank High School to create a "YouTube Partner Channel" for its YouTube videos, wherein "revenues from partner channel advertising [would be] divided equally between your school, the publisher, and Tresona." (Id.).

Plaintiff's rights to "Magic" come from PEN Music Group. (UF 18; Complaint ¶ 17-19, 57, 68). PEN was in the practice of monitoring possible copyright infringement on YouTube. On February 28, 2015, PEN Music president Michael Eames wrote to arranger (and 3d-party Defendant) Josh Greene: "At PEN

---

[5] https://www.youtube.com/watch?v=bvu6avYoZ7k. Defendant is lodging a CD-ROM with the Court which contains the YouTube videos.

[6] https://www.youtube.com/watch?v=JMQNYl3nRFA and https://www.youtube.com/watch?v=YaiTdy7p_oI

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Music Group, Inc. we control 25% of the composition (I've Had) The Time of My Life) (from Dirty Dancing). You did a custom arrangement of this song for your ensemble IN SYNC and I know of at least one performance in March 2014 as there is a YouTube video featuring the song at https://www.youtube.com/watch?v=dcgcmN0RKsA and the song appears at 16:39 (min:sec) and the choir director Brett Carroll even performs part of the song." (UF 19; February 28, 2015 email from Michael Eames to Josh Greene, Carroll Decl., Exh. 18).

**D. Facts Related to Qualified Immunity**

Brett Carroll's conduct at issue in this case was entirely in his capacity as a music teacher at Burbank High School (UF 33, Carroll Decl. ¶¶ 9-11). Brett Carroll has never been an officer, director or member of the Burbank High School Vocal Music Association Boosters Club. (UF 20; Carroll Decl., ¶9; Deposition Transcript of Brett Carroll ("Carroll Tr."). at 92:13-93:10, Craig Decl., Exh. 10). Mr. Carroll only attended meetings of the Boosters Club Board of Directors when the board would ask Mr. Carroll for an update, after which point the Board would ask Mr. Carroll to leave the meeting. (UF 21; Deposition Transcript of Ellie Stockwell ("Stockwell Tr.") at 38:12-39:8, Craig Decl., Exh. 11).

Plaintiff has claimed that Brett Carroll engaged in actions other than in his capacity as a public high school teacher, by contending that he is the "director" of the Burbank High School Vocal Music Association and conflating the Burbank High School Vocal Music Association with the Boosters Club. Plaintiff is trying to confuse the court. The Boosters Club is an independent legal entity, separate and apart from Burbank High School — it is a 501(c)(3) non-profit corporation. (UF 22; Craig Decl., Exh. 12). As set forth above, Brett Carroll has no role in the Boosters Club. In contrast, the "Burbank High School Vocal Music Association" has no independent legal existence separate and apart from Burbank High School and Burbank Unified School District; it is the name used by Burbank High School to refer to its vocal music program—encompassing both the curricular classes and the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

extracurricular activities, including its competitive show choirs. (UF 23; Carroll Tr. at 18:21-20:2, Craig Decl., Exh. 10). Brett Carroll's role in the Burbank High School Vocal Music Association is part of his duties as a public employee. (UF 24; Carroll Decl., ¶¶ 9-10).

All of the accused performances of "(I've Had) The Time of My Life," "Magic," "Don't Phunk With My Heart," and "Hotel California," took place in high school auditoriums, and Carroll received no monetary or other personal benefit from the performances outside of being paid for his teaching duties by the Burbank Unified School District. (UF 25; Carroll Decl., ¶¶ 10, 11). Moreover, Carroll did not choose these songs or make the arrangements in question—these functions were performed by arranger and third party defendant Josh Greene. (Id.). Students who perform in the Burbank High School show choirs receive grades based on their performances. (Carroll Tr. at 132:2-7, Craig Decl., Exh. 10).

The doctrine of qualified immunity protects a public employee from suit unless the defendant has violated a clearly established right. Plaintiff and its licensor PEN Music have acknowledged that the application of copyright law to show choirs is extremely uncertain. Plaintiff's assignor or licensor, PEN Music made admissions in 2015 that the actions of music publishers created uncertainty about the need for high school show choirs to obtain custom arrangement licenses. In 2015, PEN Music's president, Michael Eames, wrote to Third Party Defendant Josh Greene (cc: Mr. Carroll): "I will acknowledge that the publishing community likely unwittingly enabled the show choir and school ensemble community to proceed with arrangements without permission because at the bigger companies the permission requests that might have been submitted were not high priority and likely in some cases not even responded to." (UF 26; Carroll Decl., Exh. 18).

Tresona's "GALA Choruses Copyright Guide" dated October 31, 2014, defines "grand rights" as "the permissions necessary to stage an opera, play with music, or a musical theater work." (UF 27; Craig Decl. Exh. 13 and ¶15).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Tresona's copyright guide goes on to describe Grand Rights as being "very nuanced": "Grand rights are very nuanced rights, and there is no line in the sand." (Id.).

It is undisputed that Mr. Carroll did not create any audio-visual recordings of the accused performances, nor did he sell any audio-visual recordings. (UF 28, Carroll Decl., ¶13). Certain performances of the Burbank High School show choirs were videotaped by a videographer, who sold DVDs to the families of the performing students. (UF 29; Stockwell Tr. at 42:25-43:9, Craig Decl., Exh. 11). Mr. Carroll did not earn any money, directly or indirectly, from these recordings or sales (UF 30; Carroll Decl., ¶13). Third party videographers such as V&S Video would record the shows and charge families of the students $30 for the DVD, and the videographers kept all the revenues therefrom. (UF 31, Stockwell Tr. at 42:25-43:9, Craig Decl., Exh. 11).

## III. ARGUMENT

### A. Standard of Review

Fed. Rule Civ. P. 56 governs the filing of motions for summary judgment and summary adjudication in federal courts. The United States Supreme Court has clarified the federal summary judgment standard in two landmark decisions: Celotex Corp. v. Catrett, 477 U.S. 317 (1986) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As explained by the Celotex court: "a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories and admissions on file.' " Celotex Corp., supra, 106 S.Ct. at 2553-2554. A non-moving party must cross a significant evidentiary threshold to successfully resist a motion for summary judgment. Anderson, supra, 106 S.Ct. at 2512 ("The mere existence of a scintilla of evidence in support of a plaintiff's position will be insufficient; there must be evidence on which the jury could ***reasonably find*** for the plaintiff.").

Moreover, "the Celotex 'showing' can be made by pointing out through

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

argument – the absence of evidence to support plaintiff's claim." Devereaux v. Abbey, 263 F. F3d 1070, 1076 (9th Cir. 2001)(en banc); see, Celotex, supra, 477 U.S. at 323. "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. Proc. Rule 56(g).

**B. Partial Summary Judgment Should Be Granted Because Plaintiff Lacks Standing as a Licensee of Fewer than All Owners of the Joint Works "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California,"**

A plaintiff whose name does not appear on the copyright registry bears the burden of proving standing.[7] Tresona Multimedia does not appear on the copyright registry records for the songs in question. (UF 1)

Under §501(b) of the Copyright Act, only the "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." A copyright owner, however, can transfer "any of the exclusive rights comprised in a copyright, including any subdivision of any of the rights," to someone else. 17 U.S.C. §201(d)(2). For purposes of standing, "either an *assignment* (which transfers legal title to the transferee) or an *exclusive license* (which transfers an exclusive permission to use to the transferee) qualifies as a "transfer" of a right in a copyright for purposes of the Act." Minden Pictures, Inc. v. John Wiley & Sons, Inc., 795 F.3d 997, 1003 (9th Cir. 2015) (emphasis in original).

[7] An assignee of a previously registered statutory copyright, as Plaintiff claims to be, bears the burden of proving its chain of title because nothing in the registration certificate itself establishes its right to claim through the original copyright claimant. See Kramer v. Thomas, No. CV 05–8381 AG (CTX), 2006 WL 4729242, at *6 (C.D.Cal. Sept. 28, 2006); 3 Melville Nimmer & David Nimmer, *Nimmer on Copyright* § 12.11[C] (2006).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

With respect to joint works where the copyright is owned by more than one person, the recipient of a copyright assignment or license from fewer than 100% of the copyright owners is not considered an "exclusive licensee" and does not have standing to sue for copyright infringement, even if the license granted to the would-be plaintiff is styled as an "exclusive license." Sybersound, Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1146 (9th Cir. 2008).

In Sybersound, the plaintiff, a karaoke record producer, accused defendants of copyright infringement of nine joint works, based on the defendants' sale of karaoke records without a license. Prior to filing suit, the plaintiff, Sybersound, entered into a written agreement with TVT, an original co-claimant to the copyright of the nine songs, allegedly making Sybersound "an exclusive assignee and licensee of TVT's copyrighted interests for purposes of karaoke use, and also the exclusive assignee of the right to sue to enforce the assigned copyright interest." 517 F.3d at 1142. Sybersound received no assignment or license from the other co-owners of the copyright. Id. Based on the assignment from TVT, Sybersound attempted to sue defendants. The 9th Circuit affirmed the district court's grant of the defendants' motion to dismiss the copyright infringement claim for lack of standing. In so doing, the 9th Circuit held:

> Unless all the other co-owners of the copyright joined in granting an exclusive right to Sybersound, TVT, acting solely as a co-owner of the copyright, could grant only a nonexclusive license to Sybersound because TVT may not limit the other co-owners' independent rights to exploit the copyright. *See Oddo v. Ries*, 743 F.2d 630, 633 (9th Circ. 1984). Sybersound does not allege that it has received the consent of the other co-owners to become the exclusive licensee for the karaoke-use interest.
>
> . . .
>
> Since TVT's assignment was admittedly non-exclusive, TVT succeeded only in transferring what it could under 17 U.S.C. §201(d), a non-exclusive license, which gives Sybersound no standing to sue for copyright infringement. See 3-10 Nimmer §10.02[B][1] (2007).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

> We hold that because Sybersound is neither an exclusive licensee nor a co-owner in the nine copyrights, it lacks standing to bring the copyright infringement claims alleged in the FAC, and thus, its copyright infringement claims fail. 517 F.3d at 1146.

Sybersound is on all fours with Tresona's attempt here to sue Defendants for copyright infringement for "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California." There is no disputed factual issue that each of these three songs are joint works. (UF 2, 7, 10). Nor is there any disputed factual issue that Tresona has received licenses only from PEN Music Group and The Royalty Network, who control less than 100% interest in these joint works, and that Tresona has not received any rights or licenses from the other co-owners of these joint works. (UF 2-11). Just as the rights Sybersound received from TVT were not sufficient to give Sybersound standing to sue for copyright infringement, the rights that Tresona received from PEN Music Group and Royalty Network are insufficient to give Tresona any standing here. While Tresona may be the exclusive licensee or assignee of the rights that PEN Music Group and Royalty Network possessed in these works, Tresona's lack of any rights from the other co-owners of the copyright make Tresona, at best, a non-exclusive licensee, which is insufficient to confer standing on Tresona.

Sybersound is good law and binding precedent on this Court as to the issue whether Tresona's receipt of rights from PEN Music and Royalty Network to the joint works "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California" confer proper standing on Tresona. The 9th Circuit is clear that Plaintiff's standing as to these three works is inadequate. The Court should therefore grant partial summary judgment in favor of Mr. Carroll (and the other Defendants) on all three counts of copyright infringement with respect to the works "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California."

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**C. Alternatively the Court Should Grant Partial Summary Judgment Because Licenses Were Obtained for "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California."**

The Court can and should also grant partial summary judgment with respect to the same three songs, "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California," because there is no genuine disputed issue of fact as to Mr. Carroll's affirmative defense of licensed material. [Dkt. No. 15, Answer to Complaint, Thirtieth Affirmative Defense].

After the Complaint was filed, Burbank High School, Brett Carroll, and the Burbank High School Vocal Music Association Boosters Club acquired a custom arrangement and synchronization rights license to the song "(I've Had) The Time of My Life," effective January 1, 2013, from WorldSong, Inc., the assignee of songwriters Frank Previte and John DeNicola and 62.5% proprietor of the copyright to that work. (UF 6). The songwriters and WorldSong strongly disapprove of Tresona and its heavy-handed tactics, as demonstrated by their retroactive grant of a license to Defendants for the sum of $500. This license confers the right "to arrange, re-arrange, edit and adapt the Composition for performance," to "record the Composition, in whole or in part, in synchronization with moving images" and to "reproduce, perform, distribute and otherwise exploit the Composition . . . in connection with the "Performance Video." (Adaptation and Synchronization Agreement, Carroll Decl. Exh. 15 and ¶3).

Plaintiff is likely to contend that a retroactive copyright license issued by a plaintiff's copyright co-owner is invalid, based on the Second Circuit Court of Appeals case of Davis v. Blige, 505 F.3d 90 (2d Cir. 2007) (stating in *dicta* that retroactive licenses issued by a plaintiff's copyright co-owner are invalid). However, retroactive licenses are perfectly valid in the Ninth Circuit and California District Courts, as well as in most other courts. See, e.g., Kramer v. Thomas, 2006 WL 4729242 *8 (C.D. Cal. 2006) (granting summary judgment on defendants'

affirmative defense of license based on a retroactive license). Commentators agree that retroactive copyright licenses are valid and permissible. See Patry on Copyright at 5:112 (criticizing Davis and stating: "Given that after-the-fact licenses are permissible, the ability of a copyright owner (or one co-owner) to retroactively excuse, through a license or settlement agreement, infringing activity, should be unquestioned, and it is by most courts." The 9th Circuit and its courts have never adopted the 2d Circuit's language in Davis v. Blige suggesting that retroactive copyright licenses are invalid, and that case has neither precedential nor persuasive value.[8]

With respect to "Hotel California" and "Don't Phunk With My Heart," Plaintiff admitted, in its interrogatory responses, that it granted a custom arrangement license to John Burroughs High School. (UF 13). While Plaintiff has refused to produce these licenses in discovery, Defendant obtained a copy of the "Hotel California" license from John Burroughs High School (Craig Decl., Exh. 8). Plaintiff's claim for infringement of those songs is based on the allegation that Defendants permitted John Burroughs High School to perform those songs without obtaining licenses from Tresona. (Complaint ¶¶ 76-83, 84, 89). Yet now, Plaintiff has admitted that John Burroughs High School did obtain licenses from Tresona. Since the John Burroughs High School performances of "Hotel California" and "Don't Phunk With My Heart" were licensed by Tresona, there is no disputed issue of fact as to Mr. Carroll's affirmative defense of license with respect to those songs.

---

[8] The case of Young Money Entertainment v. Digerati Holdings, LLC, 2012 WL 5572109 (C.D. Cal. 2012) did cite Davis v. Blige with approval, but Young Money had nothing to do with the validity of retroactive copyright licenses. The issue before the Young Money court was collateral estoppel and whether the Young Money plaintiff was in privity with the copyright co-owner plaintiff who had lost a copyright infringement action in New York to the same defendant regarding the same alleged infringement. Citing to a separate holding of Davis v. Blige (that a copyright owner is not required to join co-owners as parties) and finding it "applicable by analogy," Judge Wright found that the two copyright co-owners were not in privity, and that collateral estoppel therefore did not apply. Young Money did not hold that retroactive copyright licenses are invalid in the 9th Circuit.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

The Court should grant Mr. Carroll partial summary judgment as to his affirmative defense of license with respect to the songs (I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California.

**D. Partial Summary Judgment Should Be Granted as to "Magic" Because the Alleged Infringement is Barred by the Statute of Limitations**

17 U.S.C. §507(b) states that "No civil actions shall be maintained under the [Copyright Act] unless it is commenced within three years after the claim accrued. 17 U.S.C. §507(b). A copyright claim accrues when an infringing act occurs. Petrella v. MGM, 134 S.Ct. 1962, 1969 (2014).

When a plaintiff claims that it did not discover the infringing act at the time it occurred, the 9th Circuit has held that the statute of limitations bars claims that were filed more than three years after plaintiff "discovered or should have discovered infringement." Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 705-06 (9th Cir. 2004) (emphasis added). The discovery rule can toll infringement actions, but the copyright owner must have acted reasonably and diligently to qualify for tolling. Rosner v. Codata Corp., 917 F. Supp. 1009, 1019 (S.D.N.Y. 1996).

Plaintiff knew or should have known about the Burbank High School uses of "Magic" prior to June 29, 2013. All of the Burbank High School's performances of "Magic" took place in 2011. (UF 14). Videos of the accused performances of Magic were published on YouTube in 2011 and 2012, where they have been seen by tens of thousands of viewers. (UF 15). At least one of the videos contained the name of the "prominent" Burbank High school show choir, "In Sync," as well as the title of the song, "Magic." (YouTube Screen Shots and CD of Videos, Craig Decl., Exh. 9 and ¶11; Carroll Decl., ¶6).

Tresona had reason to search for and watch Burbank High School show choir videos on YouTube, including the video of "Magic," prior to June 29, 2013. Tresona obtained an exclusive license from PEN Music Group to license PEN's song catalog on September 1, 2010. (UF 18). Tresona is in the business of trying to

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

sell music copyright licenses to show choirs. (UF 16). The Complaint alleges that: "The Burbank High School Show Choirs are some of the most prominent show choirs in the country." Complaint ¶ 20. Thus it stands to reason that Tresona would have been trying to sell licenses to Burbank High School in 2011-2012, and would have scoured YouTube for videos of Burbank High School show choir performances to see whether there were songs in Tresona's catalog for which Burbank High School would need licenses.

Moreover, it is undisputed that Tresona had actual knowledge of the fact that Brett Carroll and Burbank High School show choirs were featured on popular videos on YouTube as early as 2012. On November 28, 2012, Tresona sent Mr. Carroll and Burbank High School an email that demonstrates that Tresona knew or should have known about Burbank High School show choir's performance of Magic in 2011. (UF 17) Tresona's email states that "Tresona is [] a 'Premier Partner' with YouTube," and lays out a proposal to Mr. Carroll regarding monetization of Burbank High School show choir videos on YouTube: "All of our licensing clients are eligible for their own YouTube Partner Channel from Tresona. There is no charge for this service. (Id.) Revenues from partner channel advertising are divided equally between your school, the publisher, and Tresona." The email further stated that: "Videos of performances on YouTube require synchronization licenses," but "If your videos are on one of our Partner Channels, we take care of all synchronization licensing at no charge." (Id.) This November 28, 2012 email demonstrates that Tresona knew in 2012 that videos of Burbank High School show choirs were popular on YouTube. A search for "Burbank High School show choir" or "In Sync" (the name of the particular show choir) would have led Tresona straight to the video showing "Magic." Tresona knew or reasonably should have known in 2012 that Burbank High School show choirs performed Magic in 2011, based on Tresona's premier partnership with YouTube and its solicitation to Mr. Carroll. Despite this email (which included a warning about synchronization

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

rights), Tresona did not file any copyright infringement suit regarding the performance of Magic until 2016. If Plaintiff did not in fact discover that the Burbank High School show choir performed "Magic" during the 2010-11 academic year prior to 2014, Plaintiff was acting unreasonably.

Moreover, PEN Music Group, Plaintiff's licensor, also knew or should have known about the performance of "Magic." Defendants have been unable to obtain discovery from PEN Music Group as to when it first learned about Burbank High School's performances of "Magic," because PEN has defied Defendant's subpoena and failed to appear for deposition, leading to a motion to compel which is pending. [Docket No. 66]. Nonetheless, even if PEN did not have actual knowledge of "Magic," prior to June 29, 2013, it had constructive knowledge. PEN's President admitted in a 2015 email to monitoring YouTube for infringing performances of Burbank High School show choirs (UF 19). There is no disputed issue of fact that Plaintiff and PEN either discovered or should have discovered the alleged infringement prior to June 29, 2013. Accordingly, the Court should grant partial summary judgment as to the song "Magic."

If the Court grants partial summary judgment for lack of standing and/or license as to the songs "(I've Had) The Time of My Life," "Don't Phunk With My Heart," and "Hotel California," and also grants partial summary judgment on statute of limitations grounds as to the song "Magic," this disposes of the entirety of Plaintiff's copyright infringement claims and no further inquiry is needed.

**E. <u>The Court Should Grant Summary Judgment to Brett Carroll as to his Affirmative Defense of Qualified Immunity</u>**

Mr. Carroll has pleaded the affirmative defense of qualified immunity. [Dkt. No. 15, Answer to Complaint, Thirteenth Affirmative Defense].

Whether a public official is entitled to qualified immunity is a question of law. <u>Nunez v. Davis</u>, 169 F.3d 1222, 1229 (9th Cir. 2000). While qualified immunity is most commonly applied in the civil rights context, it is also applied in

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

cases alleging copyright infringement. See, Ass'n. for Info. Media and Equip.. v. Regents of the University of California, 2012 WL 7683452 *5-6 (C.D. Cal. 2012) (granting defendants' motion to dismiss on qualified immunity grounds because "reasonable person would not have known that the alleged conduct violated any clearly established rights pursuant to copyright law").

Qualified immunity protects public employee defendants "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 943 (9th Cir.2004), *overruled on other grounds,* Action Apt. Assoc., Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020 (9th Cir.2007). The "heart of qualified immunity is that it spares the defendant from having to go forward with an inquiry into the merits of the case. Instead, the threshold inquiry is whether, assuming that what the plaintiff asserts the facts to be is true, any allegedly violated right was clearly established." Kelley v. Borg, 60 F.3d 664, 666 (9th Cir.1995).

The Supreme Court has emphasized that qualified immunity determinations involve multiple levels of judicial screening, which must be settled before the claim can proceed to trial. See, Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled on other grounds in Pearson v. Callahan, 555 U.S. 223 (2009).[9] In short, Defendants are entitled to Qualified Immunity if (1) Plaintiff cannot prove a violation of a federally protected right, (2) if there was no clearly established law barring the Defendants' conduct under the circumstances, or (3) that the Defendants acted reasonably under the circumstances. See, Saucier, supra, 533 U.S. at 201.

[9] The Supreme Court in Pearson found that Courts are no longer obligated to consider the Saucier elements in any particular order. Pearson noted, "There are cases in which it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right." Pearson, supra, 555 U.S. at 237. As a result, to the extent that it is plain there is no clearly established law related to the actions in this matter, the Court is not required to address the first element of whether a right was violated.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Defendant recognizes that the question of whether the accused performances constitute copyright infringement are quintessentially factual inquiries for which summary judgment is inappropriate. However, the undisputed facts demonstrate that Defendant's conduct did not violate a clearly established law and that Mr. Carroll acted reasonably.

**1. <u>Carroll is being sued for his duties as a public employee</u>**

Mr. Carroll committed all of the actions complained of by Plaintiff in the course and scope of his duties as a public employee. (UF 20-24 and 28). Plaintiff may try to claim that Mr. Carroll was acting as an officer of the Burbank High School Vocal Music Association. As set forth above, the Burbank High School Vocal Music Association is a part of Burbank High School and the Burbank Unified School District; it is the internal name used at Burbank High School for the vocal music classes and extracurricular activities. (UF 23). There is a distinct legal entity named the Burbank High School Vocal Music Association Boosters Club, a 501(c)(3) nonprofit corporation, but Mr. Carroll has never been a director, officer or member of the Boosters Club. (UF 20 and 22). Moreover, Mr. Carroll never received any money or personal benefit from any of the performances, outside of being paid for his teaching duties by the Burbank Unified School District. (UF 25). Mr. Carroll is clearly being sued for his duties as a public employee.

**2. <u>Carroll's Conduct Was Not Barred By Clearly Established Law</u>**

Under qualified immunity, Plaintiff's claims must be dismissed whenever the official's chosen course of conduct was not barred by "clearly established" law, which was in existence at the time the action was taken. <u>Saucier</u>, <u>supra</u>, 533 U.S. at 201; <u>see</u>, <u>Kennedy v. Ridgefield City</u>, 439 F.3d 1055, 1065 (9th Cir. 2006). In order to survive this element, a plaintiff must point to published, dispositive case law that states "a clearly established rule prohibiting the [official] from acting as he did... [i]n the circumstances presented to [the official]." <u>Saucier</u>, <u>supra</u>, 533 U.S. at 209.

Additionally, a plaintiff cannot overcome a qualified immunity defense by

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

invoking broad, generalized legal principles divorced from the actual facts of the incident at issue in a case. See, Saucier, supra, 533 U.S. at 201-202, 209 (Rejecting the argument that a Section 1983 plaintiff may overcome an assertion of qualified immunity by simply citing broadly-worded "reasonableness" principles. "[N]either respondent nor the Court of Appeals has identified any case demonstrating a clearly established rule prohibiting the officer from acting as he did..."). Instead, "broad rights must be particularized before they are subjected to the clearly established test." Kelley v. Borg, 60 F.3d 664, 667 (9th Cir.1995).); see, Ass'n, supra, 2012 WL 7683452 at *5 ("The Court must determine not whether copyright law is clearly established in a broad sense, but whether a specific right is clearly established under copyright law."), citing Anderson v. Creighton, 483 U.S. 635, 639 (1987).

Stated another way, "[w]hether a right is 'clearly established' for purposes of qualified immunity is an inquiry that 'must be undertaken in light of the ***specific context of the case, not as a broad general proposition***.' [And], '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " C.F. v. Capistrano Unified Sch. Dist., 656 F. Supp. 2d 1190, 1204-05 (C.D. Cal. 2009)(Emphasis added, brackets in original, internal citation omitted); aff'd sub nom. C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975 (9th Cir. 2011).

Plaintiff's allegations against Mr. Carroll can be divided into three different categories. (1) failure to get custom arrangement licenses with respect to "Magic" in 2011 and "(I've Had) The Time of My Life" in 2014; (2) failure to get synchronization licenses for the same two songs; and (3) failing to get grand rights for the same two songs, plus allowing the John Burroughs High School to perform two songs at the Burbank Blast in a manner that violates grand rights. Mr. Carroll did not violate a "clearly established right" with respect to any of these four.

a. Custom Arrangement Licenses

Tresona has accused Mr. Carroll of failing to get custom arrangement licenses

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

for "Magic" in 2011 and "(I've Had) The Time of My Life" in 2014. Setting aside the fact that two of the songwriters of "(I've Had) The Time of My Life" gave Defendants their blessing by issuing them a license retroactive to 2013 for adaptations (i.e. custom arrangements), the undisputed facts show that it was not clearly established in 2011 and 2014 that custom arrangement licenses were needed for show choirs to use these copyrighted works in the manner used by the Burbank Show Choir. Plaintiff's rights for these two songs come from a license it received from PEN Music Group. (UF 3 and 18). In 2015, the President of PEN Music Group, Michael Eames, wrote an email to arranger Josh Greene, ccing Mr. Carroll, which stated: "I will acknowledge that the publishing community likely unwittingly enabled the show choir and school ensemble community to proceed with arrangements without permission because at the bigger companies the permission requests that might have been submitted were not high priority and likely in some cases not even responded to." (UF 26). In 2015, PEN admitted that the industry practice prior to that point had been that when schools would seek permission to make new arrangements of songs, publishing companies would not make these requests a priority and would not respond, and that they thereby "enabled the show choir and school ensemble community to proceed." In light of this 2015 admission from Plaintiff's principal, it is not disputed that the actions of Mr. Carroll and Burbank High School in 2011 did not violate a clearly established right. (Id.)

b. Synchronization Licenses

Tresona has accused Mr. Carroll of failing to get synchronization (i.e. videotaping) licenses for "Magic" in 2011 and "(I've Had) The Time of My Life" in 2014. (Complaint ¶ 98). Setting aside the fact that two of the songwriters of "(I've Had) The Time of My Life" gave Defendants their blessing by issuing them a license retroactive to 2013 for synchronization rights, the undisputed facts show that Mr. Carroll did not actually do anything that infringed synchronization rights.

It is undisputed that Mr. Carroll did not create any audio-visual recordings of

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

the accused performances, nor did he sell any audio-visual recordings or earn any monies from the sale of such performances. (UF 28, 30). Certain performances of the Burbank High School show choirs were videotaped by a videographer, who sold DVDs to the families of the performing students. (UF 29). Third party videographers such as V&S Video would record the shows and charge families of the students $30 for the DVD, and the videographers kept all the revenues therefrom. (UF 31). Under these undisputed facts, Mr. Carroll is entitled to summary judgment that he did not violate any clearly established right with respect to synchronization licenses.

c. Grand Rights

Tresona has accused Mr. Carroll of failing to get "grand rights licenses" for the four songs at issue in this case (Complaint ¶ 101). Of course, with respect to "(I've Had) The Time of My Life," Mr. Carroll received a license from another source. And with respect to "Don't Phunk With My Heart" and "Hotel California," John Burroughs High School received a license from Tresona.

Over and above the licenses received, Tresona's own published definition of grand rights would seem to be inapplicable to show choirs. Tresona's "GALA Choruses Copyright Guide" dated October 31, 2014, defines "grand rights" as "the permissions necessary to stage an opera, play with music, or a musical theater work." (UF 27). These show choirs are not performing opera, play with music, or musical theater work. What's more, Tresona's copyright guide goes on to describe Grand Rights as being "very nuanced": "Grand rights are very nuanced rights, and there is no line in the sand." (Id.).

The notion that a school choir or show choir performance requires grand rights is unprecedented; there has literally never been a single court case where any copyright owner has claimed that a school choir or show choir committed infringement of its grand rights. Nor has there ever been a case brought against a school hosting a choir festival (or against one of the teachers at the host school)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

based on the theory that one of the guest schools' choirs performing at the festival performed songs in a manner requiring a grand rights license. In light of Plaintiff's unprecedented and novel grand rights theories, the court should find as a matter of law that Mr. Carroll has not violated a "clearly established right" with respect to grand rights.

In conclusion, Mr. Carroll did not violate any clearly established right with respect to custom arrangement rights, synchronization rights, or grand rights. He is therefore entitled to summary judgment on the basis of qualified immunity.

### 3. Carroll Acted Reasonably

Finally, there is a "further dimension" to qualified immunity that states, "if an [official]'s mistake as to what the law requires is reasonable… the [official] is entitled to the immunity defense." Saucier, supra, 533 U.S. at 205; see, Blankenhorn v. City of Orange, 485 F.3d 463, 471 (9th Cir. 2007)("Finally, even if the violated right was clearly established, the [Supreme] Court [has] recognized that it may be difficult for a police officer fully to appreciate how the legal constraints apply to the specific situation he or she faces. Under such a circumstance, '[i]f the officer's mistake as to what the law requires is reasonable,... the officer is entitled to the immunity defense.' ")(Alteration in original, citations omitted); Butz v. Economou, 438 U.S. 478, 507 (1978)(Qualified immunity covers "mistakes in judgment, ***whether the mistake is one of fact or one of law***.")(emphasis added).

This last aspect of "qualified immunity provides a protection to government officials that is quite far reaching." Brewster v. Board of Education, 149 F.3d 971, 977 (9th Cir. 1998). It safeguards "all but the plainly incompetent or those who knowingly violate the law" and frees officials from civil litigation concerning even fairly debatable decisions that they are required to make in executing their responsibilities. Malley v. Briggs, 475 U.S. 335, 341 (1986)("If officers of reasonable competence could disagree on the issue [whether a chosen course of action is constitutional], immunity should be recognized"); Reynolds v. County of

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

San Diego, 84 F.3d 1162, 1170 (9th Cir. 1996)("The inquiry is not whether another reasonable or more reasonable interpretation of events can be construed... after the fact. Rather, the issue is whether a reasonable officer could have believed that his conduct was justified.")(Citations omitted).

Here, for the reasons set forth above, Mr. Carroll actions were reasonable throughout. He was reasonable in not obtaining any synchronization license for "Magic," and not obtaining a synchronization license for "(I've Had) The Time of My Life" prior to 2016, because he never made or sold any audio-visual recordings of these songs. (UF 28-31) He acted reasonably in not obtaining any custom arrangement license for "Magic," and not obtaining a custom arrangement license for "(I've Had) The Time of My Life" prior to 2016, because, as PEN Music Group President Michael Eames admitted, "the publishing community likely unwittingly enabled the show choir and school ensemble community to proceed with arrangements without permission." (UF 26) Moreover, he acted reasonably with respect to grand rights because prior to this case, no copyright owner had ever accused a school choir or show choir of needing grand rights. Further, Tresona's own GALA Choruses Copyright Guide defines grand rights as: "the permissions necessary to stage an opera, play with music, or a musical theater work," and does not mention performances by choirs or show choirs. (UF 27) The same Guide states, "Grand rights are very nuanced rights, and there is no line in the sand." (Id.)

Finally, Plaintiff cannot say that Mr. Carroll acted unreasonably by allowing John Burroughs High School to perform "Don't Phunk With My Heart" and "Hotel California" at the Burbank Blast, because that school obtained licenses for those songs from Tresona. (UF 13) Because Mr. Carroll acted reasonably, he is entitled to summary judgment as to his defense of qualified immunity.

## IV. CONCLUSION

For the foregoing reasons, Defendant Brett Carroll respectfully requests the Court grant this motion and enter judgment in his favor.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Dated: November 21, 2016

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Scott D. Danforth
Marlon C. Wadlington
Aaron S. Craig
Scott D. Danforth
Attorneys for Defendant and Third-Party Plaintiff BRETT CARROLL

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 26 -
006237.00009
14610759.1
DEFENDANT BRETT CARROLL'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# CERTIFICATE OF SERVICE

Case Name: Tresona Multimedia LLC v. Burbank High School Vocal Music Association, et al.

No.: 2:16-CV-04781-SVW (FFMx)

On November 21, 2016, I filed the following document(s) described as **DEFENDANT BRETT CARROLL'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The party(ies) listed below are currently on the list to receive e-mail notices for this case.

**SEE ATTACHED SERVICE LIST**

☑ **BY EMAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 21, 2016, at Cerritos, California.

/s/ Scott Danforth

Scott D. Danforth

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## SERVICE LIST

| | |
|---|---|
| Brad A. Denton<br>brad@dentonpeterson.com<br>Larry A. Dunn<br>larry@dentonpeterson.com<br>Elena J. Cottam<br>elena@dentonpeterson.com<br>Denton Peterson, PC<br>1930 N. Arboleda Road, Suite 200<br>Mesa, Arizona 85213<br>(480) 325-9900<br>Fax (480) 325-9901 | Attorneys for Plaintiff |
| William D. Chapman, Esq.<br>CADDEN & FULLER LLP<br>114 Pacifica, Suite 450<br>Irvine, CA 92618<br>wchapman@caddenfuller.com<br>(949) 788-0827<br>Fax (949) 450-0650 | Attorneys for Plaintiff |
| A. Eric Bjorgum<br>Marc Karish<br>KARISH & BJORGUM, PC<br>119 E. Union Street, Ste. B<br>Pasadena, California 91103<br>Telephone: (213) 785-8070<br>Facsimile: (213) 995-5010<br>Eric.bjorgum@kb-ip.com | Attorneys for Defendants Burbank High School Vocal Music Association Boosters, Ellie Stockwell, Marianne Winters, Geneva Tarandek, Lorna Consoli, Charles Rodriguez, and their respective spouses |
| Christiane C. Kinney<br>LECLAIRRYAN, LLP<br>725 S. Figueroa Street, Suite 350<br>Los Angeles, California 90017-5455<br>Telephone: (213) 488-0503<br>Fax: (213) 624-3755<br>Christiane.Kinney@leclairryan.com | Attorneys for Josh Greene and Squareplay, Inc. d/b/a Squareplay Entertainment |