Brad A. Denton, #016454
Brad@DentonPeterson.com



1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901
*Attorneys for Tresóna Multimedia, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tresóna Multimedia, LLC, an Arizona limited liability company, | Case No. 2:16-cv-04781-SVW-FFM |
| Plaintiff, | |
| v. | **PLAINTIFF TRESÓNA MULTIMEDIA, LLC'S RESPONSE TO DEFENDANT BRETT CARROLL'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA FOR DOCUMENTS AND TESTIMONY AND FOR MONETARY SANCTIONS** |
| Burbank High School Vocal Music Association, et al., | |
| Defendants. | **DISCOVERY MATTER** |
| Brett Carroll, an individual and employee of the Burbank Unified School District, | Date:  December 20, 2016 Time:  10:00 a.m. Judge:  Hon. Frederick F. Mumm Ct. Room: 580 |
| Third-Party Plaintiff, | |
| v. | |
| Josh Greene, and individual; Squareplay, Inc. dba Squareplay Entertainments, a California corporation; and Does 1-10, | |
| Third-Party Defendant. | |

# Introduction

Defendants' subpoena is overbroad, seeks confidential information, and seeks information that could be obtained from the parties to the lawsuit. Accordingly, it should be quashed under Rule 45.

When the subpoena was served on PEN Music Group, Inc., PEN timely sent an objection to Defendants' counsel. Defendants' counsel then left a voicemail stating that the deposition would not be occurring and asking for a meet and confer. However, Defendants then proceeded with the deposition, and now state that PEN should have engaged in a meet and confer within a few hours of their voicemail left mid-day on the day before the deposition. Instead of making a good-faith effort to meet and confer—as was successfully completed with an identically situated third-party publisher in this matter— Defendants made a tactical decision to rush to this Court against a then-unrepresented third party. They should not be rewarded for that behavior.

Defendants are well aware that many of the issues in this Motion may be mooted by the parties' pending Joint Stipulated Motion for Entry of Protective Order. Defendants' Motion deceives this Court about that issue. The Motion at 10:6-8 states that "as of November 8, 2016, Plaintiff has not sent Defendant a proposed protective order." That is untrue, as the proposed order was sent on November 8 and reviewed by Defendants' counsel before he filed the Motion on November 9.

Defendants' actions violate Rule 45(d)(1), which required them to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Under that Rule, therefore, this Court is required to impose sanctions against Defendants.

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

**RESPONSE AND MEMORANDUM OF POINTS AND AUTHORITIES**

**1.    Defendants' Motion Ignores Rule 45's Protections to Subpoenaed Parties.**

Defendants' Motion cites to *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995) to support its argument that the standard for discovery is broad.  But *Soto* is not a case involving a Rule 45 subpoena to a third party.  Indeed, it never even mentions Rule 45.  The *Soto* case concerns discovery requests sent from one party to another.

Rule 45 grants protections to third parties to ensure that they are not inconvenienced any more than necessary and that their confidential information is not compromised.   But Defendants' Motion spends almost no time addressing the protections afforded to PEN Music under Rule 45.

Rule 45(d)(2)(B) permits a subpoenaed party to send an objection to the subpoena, and PEN did so in this case.  See Motion, Exhibit 4.   Though not represented by counsel at that point, PEN pointed out that the material requested was confidential, could mostly be obtained from the plaintiff Tresóna or public records, and was overbroad.  *Id.*  Defendants' Motion makes no substantial response to PEN's objection that the scope of the subpoena is overbroad—nor could it, since this is a relatively straightforward copyright infringement case related to issues much narrower than the wide-ranging requests in the subpoena.

Defendants assert that "there is no absolute privilege for trade secrets and similar confidential information."  Motion at 9:17-18.  Of course that is true, but Rule 45 does not require that PEN show an "absolute privilege" to protect its confidential information.    Instead, that confidential information is protected under Rule 45(d)(3)(A) and 45(d)(3)(B).

Rule 45(d)(3)(A) says that a subpoena must be quashed if it "requires disclosure of privileged or other protected matter," or if it "subjects a person to undue burden." Obviously, confidential trade secrets are protected matter and turning them over would be an undue burden on PEN.

Rule 45(d)(3)(B)—which is completely ignored by Defendants—also empowers

DENTON PETERSON, PC
ATTORNEYS · COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

this Court to quash the subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information."  PEN's position has always been that the most of the information sought is confidential.  See Motion, Exhibit 4; Declaration of Michael Eames, attached as Exhibit A, at ¶ 9.  Defendants, who apparently intend to argue that Tresóna does not have standing to assert the copyright claims in this lawsuit (Motion at 1:12-15; 1:26-2:1), are certainly entitled to see the documents showing that PEN has those rights and has assigned them to Tresóna.  But PEN already provided the letters of direction demonstrating that fact—those letters of direction were sent along with PEN's objection letter.  Motion, Exhibit 4; Eames Decl. at ¶ 7.  The information about PEN's agreements and communications with copyright holders, Tresóna, and others regarding copyright issues, is highly confidential, and PEN keeps those matters closely guarded.  Eames Decl. at ¶ 9.  Moreover, the confidential information requested by Defendants goes far afield of what could be relevant to this narrow copyright infringement lawsuit regarding four musical works.  Accordingly, under Rule 45(d)(3)(B), the Court ought not to grant Defendants any of the relief they request.

**2.    Defendants Rushed to Court without a Meet and Confer.**

Defendants served the subpoena on October 14, 2016.  Danforth Decl. at ¶ 5.  PEN was unrepresented but objected promptly and within the time period allotted to him under Rule 45.  Together with the objection, PEN provided documents known as "letters of direction," which confirm that PEN really does own the copyrights at issue in this case.  Eames Decl. at ¶ 7.  Defendants admit that they received this objection letter on Friday, October 28, before the November 1 deposition date.  Danforth Decl. at ¶ 6.

On Saturday, October 29, Defendants sent a meet and confer letter to PEN, demanding that the meet and confer occur on Monday, October 31.  Danforth Decl. at ¶ 7.  Then, on Monday, October 31, at 11:48 a.m., Defendants' lawyers left a voicemail for Mr. Eames at PEN.  But that voicemail indicated that the November 1

deposition was being canceled, or at least postponed.  Eames Affidavit at ¶¶ 4-5.  The voicemail message in its entirety said:  "Michael, this is Aaron Craig and Scott Danforth from Atkinson Andelson.  We were calling to meet and confer with you regarding your refusal to comply with the subpoena, uh, that we served on you for your deposition that was supposed to take place tomorrow.  Can you give us a call back please at 562-653-3809, that's my number, Aaron Craig.  Thank you very much."  Eames Affidavit at ¶ 4 (emphasis added).  When Mr. Craig referred to the "deposition that was supposed to take place tomorrow," Mr. Eames understood that the deposition had been canceled, or at least postponed.  *Id.* at ¶ 5.  Thus, Mr. Eames, who was occupied with other urgent matters, did not believe that he needed to return the call that same day.  *Id.*

Instead of waiting so that the matter could be reasonably discussed, Defendants' counsel proceeded with the deposition on November 1.  Danforth Decl. at ¶¶ 8-9.  In that transcript reflecting PEN's nonappearance, Mr. Craig admitted that he had received PEN's objection, which stated that PEN would not appear for the deposition based on the protections of Rule 45.  Motion, Exhibit 6.  So the deposition non-appearance transcript and associated attorneys' fees were completely unnecessary.

If Defendants had allowed a discussion to occur with PEN, they almost certainly could have resolved this entire matter, because the parties did eventually agree to and file a Joint Stipulated Motion for Entry of Protective Order, which could protect PEN and resolve most or all of the issues in this dispute.  Indeed, that is how a virtually identical subpoena served on The Royalty Network (a publisher in the same position as PEN) was resolved.

Defendants' unfortunate rush to Court violates not only the spirit of the meet and confer rules, but plainly violated Rule 45(d)(1), which states, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

### 3.    Defendants Lied about the Protective Order in this Case.

PEN's justifiable concerns about confidentiality in this case could be largely resolved if Defendants would agree to keep the information confidential.  In fact, after exchanging proposed protective orders, the parties agreed upon the terms of that order and submitted a Joint Stipulated Motion for Entry of Protective Order to the Court.

However, in their eagerness to seek sanctions, Defendants' Motion seeks to give this Court the impression that Tresóna or PEN were somehow uncooperative about getting a protective order in place.  Defendants represented to this court that "as of November 8, 2016, Plaintiff has not sent Defendant a proposed protective order to which it wants Defendant to stipulate."  Motion at 10:6-8.  That is not true.  On November 8, 2016, an email was sent to counsel for all parties entitled "Joint Motion for Entry of Protective Order.doc."  That email stated, "Attached is a proposed joint motion for protective order, with accompanying form of order.  Please let me know your thoughts."  Exhibit B.  That email was sent directly to Mr. Craig, but he did not mention it in his Motion, even though he spent two hours reviewing and finalizing the Motion.  Danforth Decl. at ¶ 13.  Nor could this deception have been a mistake by Defendants, since Mr. Craig did not finalize and file his Motion until November 9, the day <u>after</u> he had received the proposed protective order.

### 4.    Defendants Can and Should Get the Information from a Party, not PEN.

PEN's objection stated, "This subpoena is a result of your lawsuit with Tresóna Multimedia, LLC.  I urge you to ask Tresóna for whatever you need, rather than asking PEN Music Group, Inc. to do that work. …  I understand that you should get the items from Tresóna and not an entity not party to the lawsuit (i.e. PEN), so please do so."  Motion, Exhibit 4 at 1.  Defendants' Motion completely ignored this part of PEN's objection, but it correctly states the law.

This issue is specifically addressed in *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406 (C.D. Cal. 2014), where the court wrote, "Courts are particularly reluctant to require a non-party to provide discovery that can

be produced by a party. Accordingly, a court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation." *Id.* at 410. The *Amini* court also cited numerous other cases with similar holdings, such as *Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540 (S.D. Ind. 2011), which held that "A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests." *See also, Bada Co. v. Montgomery Ward & Co.*, 32 F.R.D. 208 (S.D. Cal. 1963) ("These witnesses are not parties to the action, and they should not be burdened with the annoyance and expense of producing the documents sought unless the plaintiff is unable to discover them from the defendant.")

In this case, the contract by which Tresóna gets its rights from PEN can easily be obtained from Tresóna. Similarly, the communications between PEN and the Burbank Unified School District can easily be obtained from the District, which is the employer of Defendant Brett Carroll and is represented by Mr. Craig on this and many other matters.

### 5. Defendants' Request for Sanctions Should Be Denied.

Defendants concede that sanctions against PEN are only appropriate if PEN "fails without adequate excuse to obey the subpoena." Motion at 10:15-16, citing Rule 45(g). In this case, PEN's action in sending its objection letter was timely under Rule 45(d)(2)(B). And, as shown above, PEN's objection was justified under the law.

Defendants argue that sanctions are appropriate because PEN did not cooperate in a meet and confer. But Defendants' demand for that meet and confer was made mid-day on Monday, October 31, when PEN was unavailable. Eames Decl. at ¶¶ 3-4. And Mr. Craig led PEN to believe that the deposition had been canceled and there was no urgent deadline. Eames Decl. at ¶ 5. PEN was perfectly willing to cooperate in reasonable discussions, but Defendants' conduct shows that is not what they were after. Even as recently as the morning of November 29, the date of this Response, PEN offered to resolve this matter on substantially the same terms as those entered

between Defendants and The Royalty Group.   Exhibit C.   Defendants never responded.

Defendants argue that sanctions are appropriate because no protective order had been proposed by November 8, 2016.  Motion at 10:6-8.  The truth, as shown above, is that the proposed protective order <u>was</u> sent to Defendants' lawyer Aaron Craig on November 8.  Mr. Craig filed his Motion the next day anyway.  And even after the parties filed a Joint Stipulated Motion for Entry of Protective Order, Defendants nonetheless refused to withdraw this Motion.

Given all this, it cannot be said that PEN "failed without adequate excuse to obey the subpoena."  PEN filed a perfectly appropriate objection under the Rules, after which Defendants rushed to this Court instead of conferring about how best to resolve the issues raised in PEN's objection letter.  Sanctions against PEN would therefore not be appropriate.

**6.      Sanctions against Defendants Are Appropriate.**

This dispute need never have been brought to this Court.  The relevant material requested could have been obtained once an appropriate protective order was entered, as was done with the virtually identical subpoena to the other publisher known as The Royalty Network.  But Defendants were so eager to file a motion that they ignored that option.  Indeed, they even lied to this Court by stating that "as of November 8, 2016, Plaintiff has not sent Defendant a proposed protective order."  Motion at 10:6-8.

Under Rule 45(d)(1), this Court is required to sanction Defendants for this behavior.  That Rule states:

*Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required <u>must enforce this duty and impose an appropriate sanction</u>—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

1    (emphasis added).  PEN therefore requests that this Court award a sanction equal to its

2    attorneys' fees in responding to this Motion, plus an award to compensate PEN

3    personnel for time wasted as a result of this Motion.

4         DATED this 29th day of November, 2016.

5

6                                    **DENTON PETERSON, P.C.**

7                                    /s/ Brad A. Denton
                                     _____
8                                    Brad A. Denton
                                     1930 N. Arboleda Road, Suite 200
9                                    Mesa, AZ  85213
                                     *Attorneys for Plaintiff, Tresóna Multimedia,*
10                                   *LLC*

11

12                          CERTIFICATE OF SERVICE

13   I hereby certify that on this 29th day of November, 2016, I electronically transmitted

14   the attached document to the Clerk's Office using the CM/ECF system which will

15   send notification of said filing to the CM/ECF registrants.

16   A. Eric Bjorgum
     Karish & Bjorgum, P.C.
17   119 E. Union Street, Suite B              Aaron B. Craig

18   Pasadena, CA 91103                        Atikinson, Andleson, Loya, Ruud &
     *Attorney for Defendants Burbank High*   Romo
19   *School Vocal Music Association,*         12800 Center Court Drive, Suite 300

20   *Ellie Stockwell, Marianne Winters,*      Cerritos, CA 90703
     *Geneva Tarandek, Lorna Consoli,*         *Attorney for Defendant Brett Carroll*
21   *Charles Rodriguez and respective*        *and respective spouse*

22   *spouses*
                                               William D. Chapman
23   Christiane C. Kinney                      Cadden & Fuller, L.L.P.

24   LECLAIRRYAN, LLP                          114 Pacifica, Suite 450
     725 S. Figueroa Street, Suite 350         Irvine, CA 92618
25   Los Angeles, CA 90017                     *Attorney for Plaintiff*

26   *Attorneys for Third Party Defendants*
     *Josh Greene and Squareplay, Inc.*
27

28   /s/ Lindsey Rice
     _____

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

# Exhibit A

### Declaration of Michael Eames

1. My name is Michael Eames. I am president of PEN Music Group, Inc. I am over the age of 18 and competent to complete this Declaration. I have personal knowledge of the facts herein.

2. After I received the subpoena from Defendants, I sent them the letter that is attached as Exhibit 4 to their Motion.

3. I have read Mr. Craig's Motion in which he claims that I have refused to have a meet and confer with him regarding the subpoena that was served on me. It is not true that I ever refused to meet and confer with him.

4. Aaron Craig left me a voicemail message at 11:48 a.m. on October 31. The voicemail message in its entirety said: "Michael, this is Aaron Craig and Scott Danforth from Atkinson Andelson. We were calling to meet and confer with you regarding your refusal to comply with the subpoena, uh, that we served on you for your deposition that was supposed to take place tomorrow. Can you give us a call back please at 562-653-3809, that's my number, Aaron Craig. Thank you very much."

5. When Mr. Craig referred to my "deposition that was supposed to take place tomorrow," I understood that the deposition had been canceled, or at least postponed. Thus, I did not believe that it was urgent to call him back that same day. In addition, I was occupied with several urgent matters that afternoon.

6. Mr. Craig's statement that I refused to meet and confer with him is untrue.

7. When I sent my initial objection letter to Mr. Craig, I attached Letters of Direction. Those show that PEN is the administrator for the copyrights at issue. As I stated to Mr. Craig in my objection letter, to my knowledge these documents should confirm that PEN has the right to administer the songs at issue in the lawsuit.

8. In addition, there is an agreement between PEN and Tresóna Multimedia, LLC regarding the copyrights at issue in the lawsuit. My understanding is that Tresóna is willing to produce that agreement, just as soon as the Court enters the parties' stipulated protective order, or as soon as Defendants agree to keep that agreement confidential.

9. The information about PEN's agreements and communications with copyright holders, Tresóna, and others regarding copyright issues, are highly confidential, and PEN keeps those matters closely guarded.

10.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


/s/ Michael Eames                    11/29/2016
By Michael Eames                      Date

# Exhibit B

**Brad Denton**

| | |
|---|---|
| **From:** | Brad Denton |
| **Sent:** | Tuesday, November 8, 2016 3:21 PM |
| **To:** | 'Aaron S. Craig'; Eric Bjorgum; Kinney, Christiane Cargill |
| **Subject:** | Proposed Protective Order and Joint Motion |
| **Attachments:** | Joint Motion for Entry of Protective Order.doc; Protective Order.doc |

Attached is a proposed joint motion for protective order, with accompanying form of order.  Please let me know your thoughts.

BRAD A. DENTON



ATTORNEYS & COUNSELORS AT LAW

1930 N. Arboleda, Ste. 200   Mesa, Arizona 85213

Office (480) 325-9900   Direct (480) 325-9913   Fax (480) 325-9901

ATTORNEY BIO

NOTICE: The information contained in this electronic mail transmission is intended by Denton Peterson, PC for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential.  It is not intended for transmission to, or receipt by, anyone other than the named addressee (or a person authorized to deliver it to the named addressee).  It should not be copied or forwarded to any unauthorized persons.  If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling us at 480-325-9900, so that our address record can be corrected.  Do not use this email to violate tax law or avoid tax penalties.

Brad A. Denton, #016454
Brad@DentonPeterson.com

**P**

ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901
*Attorneys for Tresóna Multimedia, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tresóna Multimedia, LLC, an Arizona limited liability company, | Case No. 2:16-cv-04781-SVW-FFM |
| Plaintiff, | **JOINT STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| v. | |
| Burbank High School Vocal Music Association, et al., | (Assigned to the Honorable Stephen V. Wilson) |
| Defendants. | |
| Brett Carroll, an individual and employee of the Burbank Unified School District, | |
| Third-Party Plaintiff, | |
| v. | |
| Josh Greene, and individual; Squareplay, Inc. dba Squareplay Entertainments, a California corporation; and Does 1-10, | |
| Third-Party Defendant. | |

The parties in the present action hereby file this Joint Motion for Entry of a Protective Order in the form attached hereto as Exhibit A.

Discovery in this copyright case includes information and materials which are proprietary, confidential sensitive business information. In order to promote the disclosure of such documents and information and protect against the harm of disclosure of confidential documents outside the course of this litigation, the parties jointly request that a protective order be entered.

The parties have stipulated to the proposed protective order attached hereto as Exhibit A.

Wherefore, the parties respectfully request that the Court grant their Joint Stipulated Motion for Entry of a Protective Order in this matter and enter the Protective Order in the form attached.

RESPECTFULLY SUBMITTED this ___ day of November, 2016.

**DENTON PETERSON, P.C.**

/s/ Brad A. Denton
Brad A. Denton
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213
*Attorneys for Plaintiff, Tresóna
Multimedia, LLC*

**KARISH & BJORGUM, PC**

/s/ Eric Bjorgum
Eric Bjorgum
119 E. Union Street, Suite B
Pasadena, CA 91103
*Attorneys for Defendant and Third Party
Plaintiff Burbank High School Vocal Music
Association Booster Club and Defendants Ellis
Stockwell, Marianne Winters, Geneva
Tarandek, Lorna Consoli, Charles Rodrigues
and their respective spouses*

2

**ATKINSON, ANDLESON, LOYA & ROMO**

/s/ Marlon C. Wadlington
Aaron B. Craig
Marlon C. Wadlington
12800 Center Court Drive, Suite 300
Cerritos, CA 90703
*Attorneys for Defendant / Third Party Plaintiff*
*Brett Carroll and respective spouse*

**LeClair Ryan, LLP**

/s/ Christiane Kinney
Christiane Kinney
725 S. Figueroa Street, Suite 350
Los Angeles, California  90017-5455
*Attorneys for Third-Party Defendants*
*Josh Greene and Squareplay, Inc. d/b/a*
*Squareplay Entertainment*

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of November, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system which will send notification of said filing to the CM/ECF registrants.

A. Eric Bjorgum
Karish & Bjorgum, P.C.
119 E. Union Street, Suite B
Pasadena, CA 91103
*Attorney for Defendants Burbank High School Vocal Music Association,*
*Ellie Stockwell, Marianne Winters, Geneva Tarandek, Lorna Consoli,*
*Charles Rodriguez and respective spouses*

Aaron B. Craig
Atikinson, Andleson, Loya, Ruud & Romo
12800 Center Court Drive, Suite 300
Cerritos, CA 90703

*Attorney for Defendant / Third-Party Plaintiff Brett Carroll and respective spouse*

Christiane C. Kinney
LECLAIRRYAN, LLP
725 S. Figueroa Street, Suite 350
Los Angeles, CA 90017
*Attorneys for Third Party Defendants Josh Greene and Squareplay, Inc.*

William D. Chapman
Cadden & Fuller, L.L.P.
114 Pacifica, Suite 450
Irvine, CA 92618
*Attorney for Plaintiff*

/s/ Priscilla Weller

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

9   Tresóna Multimedia, LLC, an Arizona
10  limited liability company,

Case No. 2:16-cv-04781-SVW-FFM

11          Plaintiff,

**PROTECTIVE ORDER**

12  v.

(Assigned to the Honorable
Stephen V. Wilson)

13  Burbank High School Vocal Music
14  Association, et al.,

15          Defendants.

16
17  Brett Carroll, an individual and
    employee of the Burbank Unified School
18  District,

19          Third-Party Plaintiff,
20  v.

21  Josh Greene, and individual; Squareplay,
22  Inc. dba Squareplay Entertainments, a
23  California corporation; and Does 1-10,

24          Third-Party Defendant.

25
26
27
28

1    The Court recognizes that many of the documents and much of the

2  information ("**Materials**" as defined herein) being sought through discovery in the

3  above-captioned action are normally kept confidential by the parties. The Materials

4  to be exchanged throughout the course of the litigation between the parties may

5  contain trade secret or other confidential research, development, or commercial

6  information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).

7  This Protective Order ("Order") shall remain in effect unless modified pursuant to

8  the terms contained in this Order.

9    **IT IS THEREFORE ORDERED THAT**,

10  The following Definitions shall apply in this Order:

11    A.    The term "**Confidential Information**" will mean and include

12  information contained or disclosed in any materials, including documents, portions

13  of documents, answers to interrogatories, responses to requests for admissions, trial

14  testimony, deposition testimony, and transcripts of trial testimony and depositions,

15  including data, summaries, and compilations derived therefrom that is deemed to

16  be Confidential Information by any party to which it belongs. The term "Party" or

17  "party" is defined as a party to this litigation.

18    B.    The term "**Materials**" will include, but is not limited to:

19  documents; correspondence; memoranda; financial information; email;

20  specifications; marketing plans; marketing budgets; customer information;

21  materials that identify customers or potential customers; price lists or schedules or

22  other matter identifying pricing; minutes; letters; statements; cancelled checks;

23  contracts; invoices; drafts; books of account; worksheets; forecasts; notes of

24  conversations; desk diaries; appointment books; expense accounts; recordings;

25  photographs; motion pictures; sketches; drawings; notes of discussions with third

26  parties; other notes; business reports; instructions; disclosures; other writings;

27  records of website development; and internet archives.

28

C.     The term "**Counsel**" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: Denton Peterson, P.C.; Karish & Bjorgum, P.C.; Atkinson, Andelson, Loya, Ruud, & Romo; and LeClairRyan LLP.

The following provisions shall apply in this litigation:

1.     Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

(a)     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party.

(b)     Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its Counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential contracts, research, development, financial, customer related data or other commercial information.

2.     In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY" and must be

1  treated as such pursuant to the terms of this Order. Thereafter, upon selection of
2  specified Materials for copying by the inspecting party, the producing party must,
3  within a reasonable time prior to producing those Materials to the inspecting party,
4  mark the copies of those Materials that contain Confidential Information with the
5  confidentiality marking.

6       3.    Whenever a deposition taken of any party involves the disclosure of
7  Confidential Information of any party:

8             (a)    the deposition or portions of the deposition must be designated
9                   as containing Confidential Information subject to the provisions
10                  of this Order; such designation must be made on the record
11                  whenever possible, but a party may designate portions of
12                  depositions as containing Confidential Information after
13                  transcription of the proceedings; a party will have until thirty
14                  (30) days after receipt of the deposition transcript to inform the
15                  other party or parties to the action of the portions of the
16                  transcript to be designated "CONFIDENTIAL" or
17                  "CONFIDENTIAL – FOR COUNSEL ONLY."

18            (b)    the disclosing party will have the right to exclude from
19                  attendance at the deposition, during such time as the
20                  Confidential Information is to be disclosed, any person other
21                  than the deponent, Counsel (including their staff and
22                  associates), Parties, the court reporter, and the person(s) agreed
23                  upon pursuant to paragraph 8, below; and

24            (c)    The originals of the deposition transcripts and all copies of the
25                  deposition must bear the legend "CONFIDENTIAL" or
26                  "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate,
27                  and the original or any copy ultimately presented to a court for
28                  filing must not be filed unless it can be accomplished under

seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

4.    All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" may be viewed only by:

(a)    Counsel (as defined in paragraph C, above) of the receiving party;

(b)    Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c)    The Court and any Court staff and administrative personnel;

(d)    Any court reporter employed in this litigation and acting in that capacity; and

(e)    Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

6.    Information designated "CONFIDENTIAL" may be viewed only by:

(a)    Counsel in the action (as defined in paragraph C, above);

(b)   Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c)   The Court and any Court staff and administrative personnel;

(d)   Any court reporter employed in this litigation and acting in that capacity;

(e)   Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

(f)   Party principals or executives who are required to participate in policy decisions with reference to this action;

(g)   Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

(h)   Stenographic and clerical employees associated with the individuals identified above.

7.   All information that has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation. The principals, employees or other agents of the parties who received

information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" may also retain copies of that information as is necessary for use in their respective businesses.

8.    Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. See *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.[1] Further, no portion of the trial of the matter shall be conducted under seal.

9.    Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be used solely for the prosecution or defense of this action. A party who wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action must request permission, in writing, from

---

[1] If a party wishes to use the opposing party's confidential designations to support or oppose a motion, the opposing party bears the burden to make the "compelling reasons" showing. In the event the party wishing to use the confidential information anticipates this scenario arising the party shall initiate a discovery dispute conference call consistent with the terms of the Court's Rule 16 Scheduling Order at least fourteen (14) days before the due date of the filing in which the party wishes to reference the information.

1   Counsel for the producing party. The receiving party's request must identify the

2   Confidential Information and/or Materials designated "CONFIDENTIAL" or

3   "CONFIDENTIAL – FOR COUNSEL ONLY" that the receiving party wishes to

4   use, and identify the purpose for which it wishes to use Confidential Information

5   and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR

6   COUNSEL ONLY." If the parties cannot resolve the question of whether the

7   receiving party can use Confidential Information and/or Materials designated

8   "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" for a

9   purpose other than the prosecution or defense of this action within fourteen (14)

10   days of the producing party's receipt of such a request, the receiving party may

11   move the Court for a ruling on the receiving party's request. In the event any party

12   files a motion seeking to use Confidential Information and/or Materials designated

13   "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" for a

14   purpose other than the prosecution or defense of this action, the Confidential

15   Information and/or Materials designated "CONFIDENTIAL" or

16   "CONFIDENTIAL – FOR COUNSEL ONLY" shall be submitted to the Court,

17   under seal, for an in-camera inspection. Any Confidential Information and/or

18   Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR

19   COUNSEL ONLY" at issue must be treated as Confidential Information, as

20   designated by the producing party, until the Court has ruled on the motion or the

21   matter has been otherwise resolved.

22        10.    At any stage of these proceedings, any party may object to a

23   designation of Materials as Confidential Information. The party objecting to

24   confidentiality must notify, in writing, Counsel for the producing party of the

25   objected-to Materials and the grounds for the objection. If the dispute is not

26   resolved consensually between the parties within fourteen (14) days of receipt of

27   such a notice of objections, the objecting party may move the Court for a ruling on

28   the objection. In the event any party files a motion challenging the designation or

1    redaction of information, the document shall be submitted to the Court, under seal,

2    for an in-camera inspection. The Materials at issue must be treated as Confidential

3    Information, as designated by the producing party, until the Court has ruled on the

4    objection or the matter has been otherwise resolved.

5         11.     At any stage of these proceedings, any party may request that it be

6    permitted to disclose Materials designated as Confidential Information to

7    individuals not permitted by this Order to view such Materials. The party must

8    notify, in writing, Counsel for the producing party of the identity of the relevant

9    Materials and the individuals to whom the party wishes to disclose the Materials. If

10   the request is not resolved consensually between the parties within fourteen (14)

11   days of receipt of such a request, the requesting party may move the Court for a

12   ruling allowing such disclosure. In the event any party files a motion requesting

13   such disclosure, the document shall be submitted to the Court, under seal, for an in-

14   camera inspection. The Materials at issue must be treated as Confidential

15   Information, as designated by the producing party, until the Court has ruled on the

16   request.

17        12.     All Confidential Information must be held in confidence by those

18   inspecting or receiving it. To the extent the Confidential Information has not been

19   disclosed prior to and apart from this litigation, it must be used only for purposes

20   of this action. If the Confidential Information was exchanged between the parties

21   prior to and apart from this litigation for purposes of conducting their respective

22   businesses, the parties may continue to use that otherwise Confidential Information

23   for that purpose. The parties may not distribute the Confidential Information

24   beyond those persons or entities that had received the Confidential Information

25   prior to this litigation. In addition, counsel for each party, and each person

26   receiving Confidential Information, must take reasonable precautions to prevent

27   the unauthorized or inadvertent disclosure of such information. If Confidential

28   Information is disclosed to any person other than a person authorized by this Order,

1    the party responsible for the unauthorized disclosure must immediately bring all

2    pertinent facts relating to the unauthorized disclosure to the attention of the other

3    parties and, without prejudice to any rights and remedies of the other parties, make

4    every effort to prevent further disclosure by the party and by the person(s)

5    receiving the unauthorized disclosure.

6          13.    No party will be responsible to another party for disclosure of

7    Confidential Information under this Order if the information in question is not

8    labeled or otherwise identified as such in accordance with this Order.

9          14.    If a party, through inadvertence, produces any Confidential

10   Information without labeling or marking or otherwise designating it as such in

11   accordance with this Order, the producing party may give written notice to the

12   receiving party that the Materials produced are deemed Confidential Information,

13   and that the Materials produced should be treated as such in accordance with that

14   designation under this Order. The receiving party must treat the Materials as

15   confidential, once the producing party so notifies the receiving party. If the

16   receiving party has disclosed the Materials before receiving the designation, the

17   receiving party must notify the producing party in writing of each such disclosure.

18   Counsel for the parties will agree on a mutually acceptable manner of labeling or

19   marking the inadvertently produced Materials as "CONFIDENTIAL" or

20   "CONFIDENTIAL – FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE

21   ORDER.

22         15.    Nothing within this Order will prejudice the right of any party to

23   object to the production of any discovery material on the grounds that the material

24   is protected as privileged or as attorney work product.

25         16.    Nothing in this Order will bar Counsel from rendering advice to their

26   clients with respect to this litigation and, in the course thereof, relying upon any

27   information designated as Confidential Information, provided that the contents of

28   the information must not be disclosed.

17.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18.     Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

19.     Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

20.     Within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy same. With respect to paper copies, return or destruction of Confidential

Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

21.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

22.     Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" any Materials that were produced during the course of this action by that party without such designation before the effective date of this Order, as follows:

        (a)     Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate marking of "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or

possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

    (b)    Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

    (c)    All such designations must be made within thirty (30) days of the date of this Order.

23.    Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

24.    This Order may be modified by agreement of the parties, subject to approval by the Court.

25.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

26.    After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

**SO ORDERED**, this \_\_\_\_ day of _____, 2016

**BY THE COURT:**

_____

United States District Judge

- 13 -

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

No.

Plaintiff,

v.

**AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER**

Defendant.

I, _____, declare and say that:

1.      I am employed as _____ by
_____.

2.      I have read the Stipulated Protective Order (the "Order") entered in __
_____ and have received a copy of the Order.

3.      I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than persons permitted by the Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to the enforcement of the Order.

6.      I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.       I will return all "Confidential" or "Confidential – For Counsel Only" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____
                                                      Signature

# Exhibit C

## Brad Denton

| | |
|---|---|
| **From:** | Brad Denton |
| **Sent:** | Tuesday, November 29, 2016 10:04 AM |
| **To:** | 'Aaron S. Craig'; Scott D. Danforth; Marlon C. Wadlington |
| **Cc:** | Larry Dunn |
| **Subject:** | PEN subpoena |

Gentlemen:

As you know, I've been retained to represent PEN Music. I write to ask whether you will agree to resolve the subpoena issues relate to PEN on substantially the same terms as they were resolved with The Royalty Network. The issues are identical. As I see it, the only difference is that you rushed to court on the PEN subpoena without meaningful consultation because you believed you were dealing with an unrepresented party. It seems obvious that this was an effort to gain tactical advantage over a third party who didn't have a lawyer.

Please let me know as soon as possible whether this resolution is acceptable.

**BRAD A. DENTON**
ATTORNEY





1930 N. ARBOLEDA, SUITE 200   MESA, ARIZONA 85213
PHONE (480) 325-9900   DIRECT (480) 325-9913   FAX (480) 325-9901

ATTORNEY BIO

NOTICE: The information contained in this electronic mail transmission is intended by Denton Peterson, PC for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling us at 480-325-9900, so that our address record can be corrected. Do not use this email to violate tax law or avoid tax penalties.