A. ERIC BJORGUM (CA Bar No. 198392 )
MARC KARISH  (CA Bar No. 205440)
KARISH & BJORGUM PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Phone: (213) 785-8070
Fax: (213) 995-5010
Email: eric.bjorgum@kb-ip.com

Attorney for Defendants
BURBANK HIGH SCHOOL
VOCAL MUSIC ASSOCIATION *ET AL.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tresóna Multimedia, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Burbank High School Vocal Music Association; Brett Carroll and John Doe Carroll, a married couple; Ellie Stockwell and John Doe Stockwell, a married couple; Marianne Winters and John Doe Winters, a married couple; Geneva Tarandek and John Doe Tarandek, a married couple; Lorna Consoli and John Doe Consoli, a married couple; Charles Rodriguez and Jane doe Rodriguez, a married couple,<br><br>Defendants. | Case No.: 2:16-cv-04781<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 17 U.S.C. § 505**<br><br>[Supplemental Declaration of A. Eric Bjorgum; filed concurrently]<br><br>[L.R. 54-12]<br><br>JUDGE: Hon. Stephen V. Wilson<br>DATE:  August 14, 2017<br>TIME:  1:30 p.m.<br>PLACE:  350 W. 1st Street. Los Angeles<br>COURTROOM: 10A |

i

**Memorandum of Points and Authorities**

**I.     INTRODUCTION**

Plaintiff's Opposition to the motion for fees of Ellie Stockwell, Marianne Winters and her husband, Geneva Tarandek and her husband, Lorna Consoli and her husband, Charles Rodriguez and his wife (the "Individual Defendants") and the Burbank High School Vocal Music Association Boosters Club (the "Boosters" (collectively the "Moving Defendants") confuses the issues and ignores Plaintiff's culpability in bringing and maintaining a case based upon insufficient facts and forcing it to go all the way to the verge of trial.

Plaintiff's arguments are dealt with easily:

i.  The Moving Defendants' success implicates the interests of copyright by clarifying and reaffirming several rules of copyright law in the face of Plaintiff's crippling, relentless assault on school choirs and bands.

ii.  Brett Carroll's actions are irrelevant to this motion because Carroll was represented by his own counsel, and summary judgment was granted in his favor as an employee of a state school.

iii. Plaintiff's position was frivolous. It brought suit on four songs and lacked standing on three.  It sued a public school employee.  It maintained a suit against volunteer directors and their spouses (ostensibly on the ground of protecting a judgment against the community property) without taking any discovery on the spouses, seeking to learn what law applied to the marriages or amending its complaint to name one spouse.

iv.  Plaintiff's bad faith is shown by its scattershot approach to settlement (sometimes alleging infringement of dozens of songs) when in reality it only had standing to bring suit on one song.

v.  Plaintiff's hodge podge of observations regarding the Moving Defendants' conduct is unconvincing.

1

## II. ARGUMENT

### A. Attorneys' Fees Should Be Awarded to the Boosters Club

Contrary to Tresona's argument, an award of fees in this case would further the purposes of the Copyright Act. This is the most important factor in determining whether to award fees under the Copyright Act, i.e., whether an award will further the purposes of the Act to stimulate artistic creativity. *Fantasy, Inc. v. Fogerty,* 94 F.3d 553, 558 (9th Cir. 1996) (*Fogerty III*). In exercising its discretion, a court may also be guided by nonexclusive factors that include the "degree of success obtained, frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994); *Fogerty v. Fantasy,* 510 U.S. 517, 527 n. 19 (1994) (*Fogerty II*); *see also Lieb v. Topstone Indus.,* 788 F.2d 151, 156 (3d Cir.1986).

### B. *Kirtsaeng v. John Wiley & Sons, Inc.* Does Not Help Tresona

Tresona relies on the recent Supreme Court case, *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016) to suggest that the objective reasonableness of Tresona's legal and factual position should be given strong consideration in deciding this motion. (Dkt. No. 320, pp. 3-4). Tresona fails to point out however, that in *Kirtsaeng*, the Supreme Court remanded the case due to concerns that the District Court had given *too much weight* to the objective reasonableness factor and had not properly addressed all of the relevant factors. 136 S. Ct. at 1988 ("objective reasonableness can only be an important factor in assessing fee applications – not a controlling one"). Thus, even if this Court finds that Tresona's legal positions were reasonable – which they were not – "a court may award fees even though the losing party offered reasonable arguments." *Id*. Since the Supreme Court issued *Kirtsaeng*, other courts have awarded fees even in circumstances where the losing party's positions were found to be objectively reasonable. *See e.g.*, *Johnson v, Storix, Inc.*, 2016 WL4399317, *7 (S.D. Cal. Aug. 17, 2017) (awarding fees to defendant based on degree of success,

plaintiff's motivation, and deterrence, even though plaintiff's case was not objectively unreasonable or frivolous).[1] Nevertheless, all of the factors, including objective unreasonableness, weigh in favor of granting fees to the Association.

### C. Degree of Success Weighs In Favor of Tresona Because the Court's Decisions Implicate the Goals of the Copyright Act

Tresona argues that because this Court did not reach certain questions of infringement, the result did not further the purposes of the Copyright Act. This is too narrow a view. Here, the Court reached questions of standing under the Ninth Circuit's *Sybersound Records, Inc. v. UAV Corp*, 517 F.3d 1137 (9th Cir. 2008). *Sybersound* is a copyright case, and Court relied upon it to find that Tresona did not have standing to assert three of the four songs asserted. Also, the Court granted summary judgment in favor of the Boosters Club because the Boosters did not vicariously and contributorily infringe. These are questions of copyright law, applying Ninth Circuit Jury Instruction Nos. 17-20 and 17-21, which both pertain to copyright law specifically.

"[I]t is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty II,* 510 U.S. at 527. Failure to vigorously defend against copyright claims could usher in a "new era of copyright litigation aimed not at promoting expression but at stifling the 'competition' upon which America thrives."

---

[1] Tresona points to *Skidmore v. Led Zepplin,* 2016 WL 6674985, at *1 (C.D. Cal. Aug. 8, 2016) and *VMG Salsoul LLC v. Ciccone*, CV12-05967-BRO (CWx) (C.D.Cal. Sep. 23, 2016) in support of its argument for denial of fees. Yet, it is unclear how these cases advance Tresona's position. *Skidmore* actually supports the *Association's* position because in *Skidmore*, the court reasoned that because the plaintiffs survived a motion for summary judgment, by definition the court found plaintiff's claims reasonable and a basis to deny fees to the prevailing defendant. Here, Tresona lost on every single motion for summary judgment filed in this case, suggesting that Tresona's claims were objectively unreasonable. (Dkt. Nos. 135, 177, 275.)

*Mattel*, 705 F.3d at 1111 (citations omitted).

Plaintiff continues to threaten school districts. For instance, the press has covered its threats against a small school district in Iowa. (Supplemental Bjorgum Decl., Exh. A.) The success of the Moving Defendants serves as a roadmap to others facing threats from Plaintiff, i.e., questions of title, ownership, vicarious liability and standing should be addressed in all cases. Charitable organizations should support the arts without being responsible for content. These are lessons learned from this case.

**D. Tresona's Bad Faith Weighs in Favor of Awarding Fees to the Boosters Club**

Bad faith in the conduct of litigation is itself a valid ground for an award of fees. *Matthew Bender & Co., Inc. v. West Pub. Co.*, 240 F.3d 116, 124-25 (2d Cir. 2001). Tresona sued the Volunteers and their spouses in two jurisdictions. As shown by the recent dispute in Iowa, Tresona continues to pursue hard-ball litigation tactics against schools, seeking settlements for exploitation of esoteric rights that are not clearly delineated in the Copyright Act. As noted by Nimmer in Section 14.10[D][3][b], in the post-*Fogerty* world courts still focus on Plaintiff's bad faith motivation "(such as to dominate the market in question), hard-ball tactics. . . or objective unreasonableness."

Here, Tresona's "hardball" conduct included suing all directors and their spouses, conduct which would obviously put strain on the personal lives of Defendants. Tresona never took the deposition of one spouse in the case, nor did it even know if California were the effective law of the state of marriage. "Hardball" conduct is evidenced by "improper motivation." *Yankee Cancde Co. v. Birdgewater Candle Co.*, 140 F.Supp. 2d 11, (D. Mass. 2011). Here, the motive was extortion and intimidation.

Next, Tresona's reliance on prelitigation negotiations borders on the absurd. There was never a demand from Tresona to settle this case for $2,000, as implied by the Declaration of Mark Greenburg. Part of the problem of dealing with Tresona was that it continued to send invoices to Burbank High School. It's settlement positions were a

moving target. For instance, in January, 2016, Mark Greenburg from Tresona sent invoices totaling $17,200. (Supp. Bjorgum Decl., Exh. C.) The parties entered into some discussions, and the Moving Defendants looked into buying mechanical licenses. Apparently, mechanical licenses are the achilles heel of Tresona, because soon thereafter, offers of settlement were revoked, and Tresona filed a case.

When it filed the case, Brad Denton then wrote to Defendants' lawyer saying there was "brief window" for settlement and citing **73 songs** at $500 per song, plus $8,900 in attorneys' fees to draft a complaint. (Supplemental Bjorgum Decl. Exh. D.) As the Court knows, this case came down to **one** song.

Further, Tresona imputes to the Boosters the conduct of Brett Carroll (Dkt. No. 320, p. 15-16), but it never explains how the conduct of Carroll should be imputed to the Moving Defendants. None of the text messages cited in Tresona's Opposition were authored by, received by, or alleged to even be seen by the Boosters. Tresona's citation to Carroll's text messages in its briefing is nothing more than a transparent attempt to introduce irrelevant evidence to prejudice this Court against members of the Association.

<u>Alleged Concealment of Records</u>: Tresona's mention of Defense counsel "hiding" documents is again misleading. Very late in the day, Tresona produced documents from what appears to be a disgruntled parent. (Bjorgum Decl., ¶ 7). Defendants' counsel had never seen the documents before. (*Id.*, ¶7). However, the documents were not minutes of board meetings; they were apparently minutes of open parent meetings, which were taken to preserve the record of those meetings for other parents who could not attend. (*Id.*, ¶ 7.)

<u>Association's Corporate Status</u>: During the course of this case, it was learned that the Boosters are a non-profit association, not a non-profit corporation. The decision to not become a non-profit corporation is quite rare. But this fact had no bearing on this case.

<u>Alleged Concealment of Payor of Attorneys' Fees</u>: Tresona complains that it does not know who paid the Moving Defendants' attorneys fees, but it cites no law supporting its request for this information.  As stated in the accompanying Declaration of Eric Bjorgum, these fees were paid.  (Bjorgum Decl., ¶ 6.)

### E.  Tresona's Positions Were Frivolous

Tresona's positions were frivolous. It was "wholly without merit" for Tresona to pursue this case based on four songs where it only had standing for one.  It was "wholly without merit" for Tresona to sue the volunteers and pursue them despite the fact that none of them were on the Board when "Magic" was performed.  It was "wholly without merit" to take this Court's time at a final pretrial conference and discuss performance rights when those are not at issue.  Tresona's positions were unreasonable (Opposition at 18):  It should have known from the start that it lacked standing on three songs.  It should have known that "Magic" was performed before the Individual Defendants were on the Board.  Tresona's reliance on *Minden* to show it is reasonable is misplaced.  As the quote shows, *Minden* had "longstanding" relationships with photographers.  Here, Tresona is enforcing a relatively obscure right and causing havoc in the marketplace.

### G.  Compensation and Deterrence Would Be Served By Granting This Motion

Interests of compensation and deterrence will be served by awarding fees here. *See, e.g., Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) ("[A]n award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party. The best illustration is in fact a case like this, where the party awarded the fees, being the defendant, could not obtain an award of damages from which to pay his lawyer no matter how costly it was for him to defend against the suit.").  Here, with no award of fees, the Moving Defendants will simply be where they started, minus the fees they

paid.

## H. The Amount of Fees Sought is Reasonable

The amount of fees sought is reasonable. Tresona does not take issue with the economic survey provided by Moving Defendants. Clearly, for a copyright case in Los Angeles getting within days of trial, a fee request below $150,000 is reasonable.

## III. CONCLUSION

Defendants respectfully request this court award total attorney's fees in the amount of $137,929.50 and unrecoverable costs in the amount of $10,693.79 for the reasons set forth above.

Dated: June 31, 2017        KARSH & BJORGUM, PC

                            _____/s/ A. Eric Bjorgum_____
                            A. Eric Bjorgum
                            Attorney for Defendants Burbank High School
                            Vocal Music Association; Ellie Stockwell and
                            John Doe Stockwell, a married couple; Marianne
                            Winters and John Doe Winters, a married couple;
                            Geneva Tarandek and John Doe Tarandek, a
                            married couple; Lorna Consoli and John Doe
                            Consoli, a married couple; Charles Rodriguez
                            and Jane doe Rodriguez, a married couple