UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-CV-04781-SVW (FFMx) | Date | August 17, 2017 |
|---|---|---|---|
| Title | *Tresona Multimedia LLC v. Burbank High School Vocal Music Association et. al* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING ATTORNEY'S FEES [306][309]

### I. Introduction

Defendants Brent Carroll and Burbank High School Vocal Music Association et. al have filed motions for attorneys' fees following grants of summary judgment in their favor. Dkts. 308, 309. Plaintiff Tresona opposed these motions. Dkts. 319, 320. For the following reasons the motions for attorneys' fees are DENIED.

### II. Background

Plaintiff Tresona Multimedia, LLC ("Tresona" or "Plaintiff") brought this suit for copyright infringement against Brett Carroll ("Carroll"), who is a music director at Burbank High School, Burbank High School Vocal Music Association ("the Association"), and numerous members of the Association (collectively "Defendants") on June 29, 2016. Dkt. 1. The allegations are based around four songs, two of which ("Magic" and "(I've Had) the Time of My Life") the Burbank Show Choir "In Sync" performed themselves and thus allegedly Defendants infringed on Plaintiff's copyrights by not acquiring a custom arrangement license, synchronization license, and grand right license. *See id.* Two other songs ("Don't Phunk with My Heart" and "Hotel California") were performed by a third-party Jon Burroughs High School Show Choir at a Burbank High School event called Burbank Blast, and thus allegedly Defendants

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-CV-04781-SVW (FFMx) | Date | August 17, 2017 |
|---|---|---|---|
| Title | *Tresona Multimedia LLC v. Burbank High School Vocal Music Association et. al* | | |

infringed on Plaintiff's copyright by not acquiring a grand right license. *See id.*

### III. Analysis

#### A. Legal Standard

Under 17 U.S.C. § 505, "the court may… award a reasonable attorney's fee to the prevailing party as part of the costs." The Court must make a "particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S.Ct. 1979, 1985 (2016). The Ninth Circuit has articulated five factors that should be considered in determining whether to grant attorney's fees: [1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (both in the factual and legal arguments in the case); and [5] the need in particular circumstances to advance considerations of compensation and deterrence. *Inhale, Inc. v. Starbuzz Tobacco, Inc.,* 755 F.3d 1038, 1042-1043 (9th Cir. 2014), *as amended* (July 9, 2014).

#### B. Discussion

##### a. Degree of Success Obtained

It is undisputed that Defendants prevailed in this lawsuit. Summary judgment was granted in Mr. Carroll's favor on all claims for relief. Three of the four claims for relief were dismissed on grounds that Plaintiff lacked standing and the remaining claim was dismissed based on qualified immunity. Similarly, summary judgment was granted in favor of the Boosters Club, the Volunteers and their Spouses.

However, rulings based on standing and qualified immunity do not go to the heart of the substantive copyright dispute. The "fact that the merits of the underlying infringement claims remain untouched reduces the significance of this factor." *Minden Pictures, Inc. v. John Wiley & Sons, Inc.,* 2014 WL 1724478 (N.D.Cal. 2014). The underlying issue of fair use, among others, was left undecided. Thus, while the practical effect of the Court's rulings is a complete victory for Defendants, this factor cuts in their favor less strongly than it would initially appear.

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-04781-SVW (FFMx) | Date | August 17, 2017 |
|---|---|---|---|
| Title | *Tresona Multimedia LLC v. Burbank High School Vocal Music Association et. al* | | |

      b.   <u>Frivolousness and Objective Unreasonableness</u>

      "A claim is objectively unreasonable where the party advancing it 'should have known from the outset that its chances of success in this case were slim to none.'" *See Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *11 (C.D. Cal. Mar. 24, 2015) (quoting *SOFA Entm't, Inc.*, 709 F.3d at 1280). A claim is frivolous when it is "clearly baseless" and involves "fantastic or delusional scenarios." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 2005 WL 2007932, at *4 (N.D. Cal. Aug.12, 2005) (quoting *Neitzke v. Williams*, 490 U.S. 324, 327–28 (1989)). "A claim is not frivolous merely because it is unsuccessful." *Bisson-Dath v. Sony Computer Entm't Am. Inc.*, 2012 WL 3025402, at *2 (N.D. Cal. July 24, 2012).

      Defendants contend that Plaintiff's suit was frivolous and objectively unreasonable because established Ninth Circuit precedent precluded a finding by the Court that Plaintiff had standing to bring suit on three of the four songs. Dkt. 309 at 4. Indeed, the Ninth Circuit's ruling in *Sybersound Records, Inc. v. UAV Corp.* expressly denies standing to non-exclusive license holders. 517 F.3d 1137 (9th Cir. 2008). This ruling was a major hurdle for Plaintiff, which he failed to overcome in this Court.

      Plaintiff, however, contends that the *Sybersound* ruling is mistaken and that it seeks to have it reversed. Dkt. 319 at 13. Although this Court is powerless to overrule binding Ninth Circuit precedent, the only route to reconsideration at the appellate level is through the District Court. The hope that the Ninth Circuit may reverse course is not unreasonable – *Sybersound* has been the subject of heavy criticism both from respected academic sources and other courts. *See* 1–6 NIMMER ON COPYRIGHT § 6.10[A][2][d] ("[A] grant ... that characterizes itself as exclusive, should be treated as such ... [t]he contrary conclusion in *Sybersound* threatens to vitiate enforcement in general of joint works"); *Brownmark Films, LLC v. Comedy Partners*, 800 F.Supp.2d 991, 997 (E.D.Wis. 2011) ("The *Sybersound* court, however, presumed, without any basis in the law, that a co-owner of a copyright has only non-exclusive rights, preventing a co-owner from granting exclusive rights to a third party."). In light of this, it is not frivolous to attempt to have *Sybersound* reconsidered on appeal.

      Neither was Plaintiff's litigation stance on qualified immunity frivolous or objectively unreasonable. The copyright laws in general were firmly established by 2011, including the provision requiring the need for a license to create derivative work. December 22, 2016 Order, p. 11. Although Defendant Carroll ultimately prevailed on the qualified immunity ground, the attempt to show that defendant's actions were proscribed by clearly established law was reasonable. Additionally, this Court

                                                                                   :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-04781-SVW (FFMx) | Date | August 17, 2017 |
|---|---|---|---|
| Title | *Tresona Multimedia LLC v. Burbank High School Vocal Music Association et. al* | | |

had to engage in lengthy analysis before determining that qualified immunity applied to copyright suits in the first instance.

The Court ultimately disagreed with Plaintiffs' claims that the Booster's club was liable for infringement. While Plaintiff's arguments were unpersuasive, it was reasonable to argue that because the Booster Club made money from the arrangement of "Magic" it shared some culpability.

    c. <u>Motivation and Need to Advance Considerations of Deterrence and Compensation</u>

"[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." *Frost-Tsuji Architects*, 2015 WL 5601853, at *7. "A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." *Id*.

Plaintiff indisputably pursued an aggressive litigation strategy throughout the course of this case, but that is not enough to create an inference that it acted in bad faith. Plaintiff owns numerous copyright licenses and is within its rights to try to enforce them. Plaintiff is also within its rights to publicize the lawsuit, and the mere act of sending out press releases does not constitute improper conduct, even if Defendants were forced to expend additional resources as a result of the publicity.

No specific deterrence of the Plaintiff is required here. Defendants prevailed on a variety of grounds, and the Court does not believe that the Plaintiff will groundlessly reassert these claims.

    d. <u>Other Factors</u>

"Courts in this circuit also consider "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). Thus, the Court must consider whether, in light of the losing party's financial condition, it would be inequitable to award attorney's fees." *Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2016 WL 1258690, at *8 (N.D. Cal. Mar. 31, 2016).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-04781-SVW (FFMx) | Date | August 17, 2017 |
|---|---|---|---|
| Title | *Tresona Multimedia LLC v. Burbank High School Vocal Music Association et. al* | | |

Neither party has submitted any briefing on Plaintiff's financial condition. Accordingly, this factor is neutral.

    e.  The Purposes of the Copyright Act

"The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524. "The Copyright Act commonly accomplishes that purpose by incentivizing plaintiffs to protect their copyrights even though a successful defense may also promote that purpose." *Epikhin.*, 2016 WL 1258690, at *9. The Ninth Circuit is clear that a defense on the merits of a claim furthers the purpose of the Copyright Act in a way that technical defenses do not. *Fantasy, Inc. v. Fogerty ("Fogerty II")*, 94 F.3d 553, 556, 560 (9th Cir. 1996).

As noted above, Defendants prevailed mainly on grounds of standing and qualified immunity, not on the substantive law of copyright. An award of attorney's fees against a Plaintiff who was not acting in bad faith will therefore not further the purposes of the Copyright Act.

**IV.   Conclusion**

For the foregoing reasons, the Court DENIES Defendants' motion for fees and costs.

IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | PMC |